IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**REGINALD K. WATKINS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 3433     Seth Norman, Judge**

---

**No. M2003-02840-CCA-R3-CO - Filed November 12, 2004**

---

The Petitioner, Reginald K. Watkins, appeals from the dismissal of his petition for the writ of habeas corpus. The State has filed a motion requesting that the Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the appeal is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Reginald Keith Watkins, pro se, Henning, Tennessee.

Paul G. Summers, Attorney General and Reporter; Helena W. Yarbrough, Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On February 7, 1983, a Knox County jury convicted the Petitioner of the following offenses: (1) assault with intent to commit murder in the first degree causing bodily harm; (2) two counts of armed robbery; and (3) two counts of aggravated kidnapping. The Petitioner received a life sentence for the assault conviction. The Petitioner received a life sentence for each of the armed kidnapping convictions, with the sentences to be served consecutively. The Petitioner received a 60 year sentence for each of the armed robbery convictions, with the sentences to be served consecutively.

On October 7, 2003, the Petitioner filed, pro se, a petition for writ of habeas corpus relief in the Davidson County Criminal Court. He asserted that the trial court lacked jurisdiction to impose consecutive sentences because the trial court did not discuss the factors used in making that decision. Further, the Petitioner contended that his consecutive sentences were void since they were in direct

contravention with Tennessee Code Annotated section 40-20-111.[1]  On October 30, 2003, the trial court issued an order denying the Petitioner's writ of habeas corpus.  The Petitioner filed his notice of appeal in the trial court on November 12, 2003.

The grounds upon which a writ of habeas corpus may be issued are very narrow.  McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001).  A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired.  Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992).  In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable.  Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).

The Petitioner alleges that his convictions are void because the trial court lacked jurisdiction to impose his sentences consecutively.  If proven, the Petitioner's contention that the trial court lacked jurisdiction is an appropriate issue to be brought in an habeas corpus petition.  Further, the Petitioner contends that his sentences are void because the judgment is devoid of the factors that were considered in ordering consecutive sentences.  The burden is on the petitioner to establish that the judgment is void or that the sentence has expired.  See State v. Tate, No. E2004-00873-CCA-R3-HC, 2004 WL 2319825 (Tenn. Crim. App., at Knoxville, Oct. 15, 2004). The Petitioner has failed to present any evidence that the trial judge did not state the factors for his decision in ordering the Petitioner's sentences to run consecutively.  The record does not contain any evidence to support the Petitioner's contention and, based upon the record before us, there is no proof that Petitioner's sentence has expired.  Petitioner has failed to establish by a preponderance of the evidence that his conviction is void or his term of imprisonment has expired.

Accordingly, the State's motion is granted.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE

---

[1]The Petitioner cites this section as Tenn. Code Ann. 40-2711.  However, we will use the amended section number 40-20-111 for consistency.