IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 14, 2004

### FRANK W. JOHNSON v. GLEN TURNER, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9673     Jon Kerry Blackwood, Judge**

_____

**No. W2004-00177-CCA-R3-HC  - Filed December 3, 2004**

_____

The petitioner, Frank W. Johnson, pled guilty to second degree murder and was sentenced to thirteen and one-half years incarceration in the Tennessee Department of Correction. Subsequently, he filed a petition for a writ of habeas corpus, alleging that he pled guilty to an illegal sentence. The trial court denied the petition, and the petitioner now appeals. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

Frank W. Johnson, Whiteville, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assitant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

The record before us on appeal is scarce. Regardless, in his appellate brief and in his petition for a writ of habeas corpus, the petitioner claims that on February 25, 2000, he pled guilty in the Shelby County Criminal Court to second degree murder. The petitioner contends that, also on February 25, 2000, the Shelby County Criminal Court "accepted the plea agreement and sentenced the [petitioner] to a[n] effective 13.5 year sentence."

Subsequently, the petitioner filed in the Hardeman County Circuit Court a petition for a writ of habeas corpus. In his petition, the petitioner argues that the punishment for second degree murder "can not be less than 15 years." Accordingly he contends that his "plea agreement is in direct

contravention of express Statutory provision regarding sentencing of the Criminal Sentencing Reform Act of 1989, and outside the Trial Court's jurisdiction and therefore illegal."

The trial court entered an order denying the petition, fining that the petition was "not well-taken." The petitioner now appeals this decision.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. See McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2003). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. See Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted).

Moreover, we note that "[w]ithout question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). Specifically, Tennessee Code Annotated section 29-21-107 provides:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
>
> (b) The petition shall state:
>
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
>
> (2) The cause or pretense of such restraint according to the best

-2-

information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

The petitioner failed to comply with all of the requirements of filing a petition for a writ of habeas corpus. Of particular importance, the petitioner failed to include in his petition a copy of the judgment from which he seeks relief. See John C. Tomlinson v. State, No. M2001-02152-CCA-R3-CO, 2002 WL 1400051, at *2 (Tenn. Crim. App. at Nashville June 28, 2002). Additionally, a copy of the judgment of conviction was not included in the record on appeal. Therefore, this court is unable to discern the offense to which the petitioner pled, the nature of his plea, or the length of the sentence imposed. Thus, the petitioner has failed to meet his burden of establishing by a preponderance of the evidence that he suffers under an illegal sentence.

### III. Conclusion

Given the paucity of evidence before this court, we conclude that the judgment of the trial court must be affirmed.

_____
NORMA McGEE OGLE, JUDGE

-3-