# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## ROBERT L. SMITH, JR.  v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. C-9289     J. Randall Wyatt, Jr., Judge**

---

**No. M2004-01783-CCA-R3-PC - Filed January 28, 2005**

---

The Petitioner, Robert L. Smith, appeals from the trial court's dismissal of his petition for post-conviction relief.  The trial court found the petition be barred by the applicable statute of limitations and that the Petitioner had filed previous petitions that were resolved on the merits.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  We find the State's motion has merit.  Accordingly, the motion is granted and the appeal is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Robert L. Smith, Jr., pro se.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On October 21, 1982, the Petitioner was convicted of aggravated kidnapping, aggravated rape, armed robbery, and assault with intent to commit first degree murder.  The Petitioner was sentenced to four (4) consecutive life sentences. This court affirmed his convictions in State of Tennessee v. Robert L. Smith, filed at Nashville, February 8, 1984 and the Supreme Court denied permission to appeal on May 29, 1984.  See Smith v. State, 757 S.W.2d 14, 15 (Tenn. Crim. App. 1988), *perm. app. denied* (Tenn. July 25, 1988).  On April 15, 1986, the Petitioner filed for post-conviction relief.  On May 5, 1988, this Court affirmed the post-conviction court's denial of post-conviction relief.  Smith, at 20.  Subsequently, on January 9, 1996, the Petitioner filed a second petition for post-conviction relief, which the post-conviction court dismissed.  This Court affirmed

the post-conviction court's dismissal of the Petitioner's second petition for post-conviction relief, finding that the issues raised were identical to the first petition for post-conviction relief and those issues were previously determined in a full and fair hearing by a court of competent jurisdiction. Smith v. Gray, 1997 WL 672664 (Tenn. Crim. App. 1997), *perm. app. denied* (Tenn. Oct. 30, 1997). A subsequent petition, the petition presently before this Court was filed on June 8, 2004. On June 14, 2004, the trial court dismissed the petition for post-conviction relief, finding that the Petitioner's petition was barred by the one year statute of limitations and that none of the statutory exceptions to the statute of limitations existed. The Petitioner filed his notice of appeal in the trial court on July 1, 2004.

Initially, we note that only one petition for post-conviction relief may be filed under the 1995 Post-Conviction Procedure Act. See Tenn. Code Ann. § 40-30-102 (c) (2003). Therefore, the petition may be summarily dismissed on this ground. Id. Further, Tennessee Code Annotated section 40-30-102(a) provides that a petition for post-conviction relief must be filed within one year from final judgment. The Petitioner filed his petition beyond that time allowed by the statute, and none of the exceptions to this time limit apply in this case. See Tenn. Code Ann. § 40-30-102(b). Under the Post-Conviction Procedure Act, exceptions to the statute of limitations are set forth. These exceptions include: (1) claims based upon a new rule of constitutional law applicable to a petitioner's case; (2) claims based upon new scientific evidence showing innocence; and (3) claims based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. See Tenn. Code Ann. § 40-30-102(b)(1)-(3) (2003). The Petitioner has failed to assert any of these exceptions. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. See Tenn. Code Ann. § 40-30-106(g) (2003). Thus, the petition is clearly filed beyond the applicable statute of limitations and no grounds exist as an exception to the statute of limitations.

Similarly, Tennessee Code Annotated section 40-30-117 provides certain limited circumstances under which a motion to reopen a post-conviction proceeding may be filed. See Tenn. Code Ann. § 40-30-117. Again, the record does not show that any of these circumstances exist and, further, the Petitioner has not alleged that any of these circumstances apply.

Finally, the Petitioner includes various habeas corpus law in his brief as a ground for relief. Even if we were to consider the Petitioner's post-conviction petition as a petition for a writ of habeas corpus, the Petitioner is not entitled to relief.

The grounds upon which a writ of habeas corpus may be issued are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is

nothing on the face of the judgment to indicate that the convictions addressed therein are void. <u>See</u> <u>Passarella v. State</u>, 891 S.W.2d 619 (Tenn. Crim. App. 1994). The Petitioner has failed to establish by a preponderance of the evidence that his convictions are void or his term of imprisonment has expired.

Accordingly, the State's motion is hereby granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE