Jackie W. McLANEY

v.

Ricky BELL, Warden, et al.

Supreme Court of Tennessee,
at Nashville.

Oct. 30, 2001.

Jeffrey T. Loy, Jamestown, KY, for the appellant, Jackie W. McLaney.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, Kim R. Helper, Assistant Attorney General, and Victor S. Johnson, III, District Attorney, for the appellees, Ricky Bell, Warden, and the State of Tennessee.

## OPINION

ADOLPHO A. BIRCH, Jr., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., E. RILEY ANDERSON, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

This case is before the Court by way of a petition for writ of habeas corpus filed by Jackie W. McLaney, challenging a plea agreement which encompassed a sentence alleged to be illegal. McLaney presents three issues for review: (1) whether the record shows that his arrest occurred while he was on bail for a felony offense (thus requiring consecutive sentences pursuant to Tenn.Code Ann. § 40–20–111 (2000) and Tenn. R.Crim. P. 32(c)(3)(C)); (2) whether such an arrest while on bail affects the concurrent sentence imposed; and (3) whether habeas corpus provides a remedy for the review and correction of such a sentence imposed pursuant to a plea agreement. We hold that if the face of the judgment or the record of the underlying proceedings shows that the concurrent sentence is illegal, such sentence creates a void judgment for which habeas corpus relief is available. Therefore, we reverse the judgment of the Court of Criminal Appeals and remand the cause to the trial court for appointment of counsel and a determination whether the face of the judgment or the record of the proceedings indicates that McLaney committed the offenses for which he received the

concurrent sentence while on bail for a felony offense.

## I. Facts and Procedural History

On November 10, 1986, the appellant, Jackie W. McLaney, pleaded guilty to aggravated rape in the Circuit Court for Jefferson County, Tennessee. Two days later, on November 12, 1986, he pleaded guilty to rape and third degree burglary. As part of the plea agreement arranged with the district attorney, McLaney received concurrent sentences of forty years for the aggravated rape conviction, twenty years for the rape conviction, and seven years for the third degree burglary conviction. Thus, the trial court accepted the agreement and imposed an effective forty-year sentence.

On April 7, 1998, having served eleven years of this sentence, McLaney filed a pro se Petition for Writ of Habeas Corpus in the Criminal Court for Davidson County. In the petition, he stated that he had been charged with rape and released on bail when he was charged with committing the subsequent rape and third degree burglary offenses. As a consequence, he asserted, concurrent sentencing was in direct contravention of Tenn.Code Ann. § 40–20–111(b)(2000) and Tenn. R.Crim. P. 32(c)(3)(C) and therefore was void. McLaney contended that his guilty plea was not knowingly and voluntarily entered due to the illegality of the agreed sentence, and he asserted that the plea should be set aside. Without a hearing or the appointment of counsel, the trial court dismissed the petition, finding that even if the facts alleged were true, the sentence would be voidable rather than void and, consequently, McLaney would not be entitled to habeas corpus relief. The Court of Criminal

Appeals affirmed the judgment of the trial court, holding that if the facts alleged were true the sentence would be void but that habeas corpus relief was unavailable because the Criminal Court for Davidson County did not possess the power to allow the withdrawal of the guilty pleas or correct the illegal sentences under its habeas corpus jurisdiction. We granted review, and we now hold that if the concurrent sentences were illegal, the judgment is void and habeas corpus relief is mandated. Accordingly, we reverse the judgment of the Court of Criminal Appeals and remand the cause to the Criminal Court for Davidson County for further proceedings in accordance with this opinion.

## II. Standard of Review

■■■■ When reviewing a petition for habeas corpus relief, the determination whether relief should be granted is a question of law. *Hart v. State,* 21 S.W.3d 901, 903 (Tenn.2000). Accordingly, our review is de novo with no presumption of correctness given to the findings of the court below. *Id.*

## III. Analysis

■■■■ The grounds upon which habeas corpus relief will be granted are narrow.[1] *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000). The petition must show that the judgment is "void" and not merely "voidable." *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn.1999).

■■■■ The burden of proof that the judgment is "void," rather than "voidable," rests with the petitioner. *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn.2000); *State ex rel. Kuntz v. Bomar,* 214 Tenn. 500, 381 S.W.2d 290, 291–92 (1964). That burden

---

**1.** The history and framework of the habeas corpus relief allowed in Tennessee are discussed in *State v. Ritchie,* 20 S.W.3d 624

(Tenn.2000) and *Archer v. State,* 851 S.W.2d 157 (Tenn.1993).

entails showing that the jurisdictional defect appears in the record of the original trial, thereby creating a void judgment.[2] *Ritchie,* 20 S.W.3d at 630. In other words, "[t]he writ will issue only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." *Stephenson v. Carlton,* 28 S.W.3d 910, 911 (Tenn.2000); *Archer v. State,* 851 S.W.2d 157, 164 (Tenn.1993). In contrast, "[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor,* 995 S.W.2d at 83. Though the evidence of a lack of jurisdiction is, in most cases, readily ascertainable, if that evidence does not appear upon the face of the judgment or in the record of the underlying case, no evidentiary hearing shall justify the issuance of the writ. *See, e.g., Ritchie,* 20 S.W.3d at 631–32. Accordingly, where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. Tenn.Code Ann. § 29–21–109 (2000); *see, e.g., Archer,* 851 S.W.2d at 164 ("The allegations in the petition, amended with the assistance of counsel, in no way suggest that the challenged convictions are void due to the trial court's lack of jurisdiction over either the subject matter of the proceeding or over the person of the appellant.").

 In the case at bar, McLaney alleged, in a petition that was filed without the benefit of counsel, that he had been released on bail for the first offense when the latter two offenses were committed. If this is true, the trial court was required, pursuant to statute, to impose consecutive sentences:

> In any case in which a defendant commits a felony while such defendant was released on bail in accordance with the provisions of chapter 11, part 1 of this title, and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively.

Tenn.Code Ann. § 40–20–111(b) (2000). Furthermore, Tenn. R.Crim. P. 32(c)(3) provides:

> Where a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply: (A) to a sentence for a felony committed while on parole for a felony; (B) to a sentence for escape or for a felony committed while on escape; (C) *to a sentence for a felony where the defendant was released on bail and the defendant is convicted of both offenses;* and (D) any other ground provided by law.

(Emphasis added.) Therefore, if the facts are as alleged, the trial court imposed a sentence in direct contravention of the sentencing act. That this would create an illegal sentence is well settled. The "trial court's jurisdiction with regard to sentencing is limited by Legislative enactments," *Dykes v. Compton,* 978 S.W.2d 528, 529 (Tenn.1998).

---

2. In considering the validity of a judgment, an examination of the underlying record is appropriate in habeas corpus proceedings.

and "must be executed in compliance with the 1989 Act." *McConnell v. State,* 12 S.W.3d 795, 798 (Tenn.2000). Consequently, " 'a judgment imposed by a trial court in direct contravention of express statutory provisions regarding sentencing is illegal and is subject to being set aside at any time, even if it has become final.' " *Id.* (quoting *State v. Mahler,* 735 S.W.2d 226, 227–28 (Tenn.1987)); *See also Stephenson,* 28 S.W.3d at 911. That being so, a judgment which is not compliant with the sentencing act is void or voidable depending upon whether the illegality of the sentence is evident on the face of the judgment or the record of the underlying proceedings. *Stephenson,* 28 S.W.3d at 911. If the judgment is merely voidable, no relief under a habeas corpus petition is available, but such relief is available if the sentence is void.

■ The trial court in this case, finding no clear proof in the documents submitted with the petition that the sentence was void, dismissed the petition. Had McLaney been represented by counsel, we would find no error in this dismissal. Had an attorney been appointed, if the record of the underlying proceedings clearly showed that the latter rape and burglary offenses were committed while McLaney was on bail, appointed counsel presumably would have brought those records to the attention of the court, and a determination whether the judgment was void could have been resolved on the merits. Indeed, McLaney filed a motion for appointment of counsel and clearly had a right to appointed counsel if the trial court found him to be indigent.[3] Tenn. Sup.Ct. R. 13, § 1(d)(4); Tenn.Code Ann. § 8–14–205

(1997). Under these circumstances, the trial court erred in failing to consider the motion for appointment of counsel prior to dismissal of the case.

Nonetheless, the Court of Criminal Appeals found that dismissal was appropriate despite the potential merit of the allegations, on the grounds that the Criminal Court for Davidson County did not possess the power to determine and order the only potential remedies of either withdrawal of the guilty pleas or correction of the sentence. The Court of Criminal Appeals erred, however, in holding the courts powerless to grant relief through a habeas corpus petition from an illegal sentence entered pursuant to a plea.

A court has a duty to grant a writ of habeas corpus "when properly applied for." Tenn.Code Ann. § 29–21–108 (2000). The habeas corpus statute also mandates that a successful petitioner be discharged from custody if no sufficient legal cause of detention is shown. Tenn.Code Ann. § 29–21–122 (2000). However, "[a]lthough the commitment of the person detained may have been irregular, still, if the court or judge is satisfied, from the examination, that the person ought to be held to bail, or committed, either for the offense charged, or any other, the order shall be made accordingly." Tenn.Code Ann. § 29–21–123 (2000). If McLaney's allegations that the latter offenses were committed while he was on bail are proven in the record of the underlying convictions, then the sentence is void and the habeas corpus court is mandated by statute to declare it so. If the sentence is void, then either the plea may be withdrawn or the conviction re-

---

**3.** Rule 13 provides in part, "the court shall advise any party who is without counsel that he or she has the right to be represented by counsel throughout the case and that counsel will be appointed to represent the party if he or she is indigent and requests the appoint-

ment of counsel ... [i]n proceedings initiated by a *petition for habeas corpus,* early release from incarceration, suspended ˙sentence or probation revocation...." Tenn. Sup.Ct. R. 13, § 1(d) (emphasis added).

mains intact. If the plea is withdrawn, then McLaney would be ordered held to bail pending prosecution for the offense; if the conviction remained intact, then he would be committed to custody pending resentencing. Thus, there is legal cause for continued detention pending further proceedings. Therefore, the habeas corpus court would be required, after voiding the judgment, to remand the case to the trial court, in this case Circuit Court for Jefferson County, for further appropriate action. *See e.g., Henderson v. State,* 220 Tenn. 520, 419 S.W.2d 176, 177 (1967); *Brasuell v. Georgia,* 243 Ga.App. 176, 531 S.E.2d 732, 733 (2000).

■ If the habeas court determines that the sentence is void, the next issue is whether McLaney's plea should be set aside. Given the illegality of the agreed sentence, McLaney contends that the plea was not knowingly and voluntarily entered. A plea of guilty "must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper...." *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970).

■ In this case, McLaney entered his guilty plea in exchange for a concurrent sentence which was, in actuality, illegal. Under these particular facts it has been recognized that "[t]here can be little doubt that a guilty plea entered pursuant to a plea bargain which promises a concurrent sentence must be set aside where the promise of concurrency is not fulfilled."

*West Virginia ex rel. Morris v. Mohn,* 165 W.Va. 145, 267 S.E.2d 443, 448 (1980). A general rule has developed in the law that where a concurrent sentence will not be imposed as promised, or the sentence bargained for is otherwise illegal, the defendant is entitled to withdraw the plea. *Id.;* Christopher Vaeth, Annotation, *Guilty Plea as Affected by Fact that Sentence Contemplated by Plea Bargain is Subsequently Determined to be Illegal or Unauthorized,* 87 A.L.R.4th 384 (1991). Indeed, this Court has previously held that if a petitioner shows that a sentence is void, on remand to the original convicting trial court, a guilty plea may be withdrawn. *See e.g., Henderson v. State,* 220 Tenn. 520, 419 S.W.2d 176 (1967); *McConnell,* 12 S.W.3d at 800 ("On remand, the trial court may impose a sentence that is mutually agreeable to the State and appellant, so long as the sentence is available under the 1989 Act. If an agreement is not reached, though, appellant may withdraw his guilty plea and proceed to trial on the original charges.").

## IV. Conclusion

In light of our findings, we reverse the judgment of the Court of Criminal Appeals. We remand the case to the Criminal Court for Davidson County for the appointment of counsel and a determination whether McLaney committed the latter offenses while he was on bail.[4] If the evidence of record constitutes satisfactory proof that McLaney was on bail when he committed the offenses at issue, then the

4. "This Court may, of course, take judicial notice of facts in an earlier proceeding of the same case and the final action of the court thereon." *State ex rel. Wilkerson v. Bomar,* 213 Tenn. 499, 376 S.W.2d 451, 453 (1964); *see also Delbridge v. State,* 742 S.W.2d 266, 267 (Tenn.1987). We take this opportunity to clarify that, as a general rule, we do not take judicial notice of earlier proceedings. Where claims or defenses in collateral proceedings depend upon the record in the original conviction, it is the party's obligation (whether pro se or represented) to introduce the pertinent documents from the original conviction; otherwise, such documents generally will not be reviewed by this Court.

court must promptly transfer the case to the Circuit Court for Jefferson County for appropriate disposition.

Costs of appeal are taxed to the State of Tennessee for which execution may issue if necessary.