IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 8, 2002

## STATE OF TENNESSEE v. CHARLES DAMIEN DARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 01-CR-8103     R. Lee Moore, Jr., Judge**

---

**No. W2001-01833-CCA-R3-CD  - Filed February 12, 2002**

---

The Appellant, Charles Damien Darden, proceeding *pro se*, appeals as of right from an order of the Lake County Circuit Court denying his petition for the writ of habeas corpus. After a review of the record, we reverse the judgment of the trial court and remand for the appointment of counsel.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is reversed and remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Charles Damien Darden, Tiptonville, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Kim R. Helper, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Marcia Fogle, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On January 12, 1996, the Appellant was convicted, in Robertson County, of felony murder, attempted aggravated kidnapping, and civil rights intimidation. The Appellant is currently incarcerated at Northwest Correctional Facility in Lake County, where he is serving a life sentence. On February 5, 2001, after his convictions and sentences were affirmed by this court and the Tennessee Supreme Court, the Appellant filed a *pro se* petition in the Lake County Circuit Court captioned "Petition for a Writ of Habeas Corpus or in the Alternative For Post-Conviction Relief." In his thirty-eight-page petition, he asserts numerous grounds for relief and requests the appointment of counsel. The trial court found that it was precluded from considering any of the Appellant's post-conviction claims and that only one issue was  appropriate for adjudication in the habeas corpus

proceeding; *i.e.,* that the indictment was vague, and the Appellant was therefore, denied notice of the charges against him.[1]

On appeal, the Appellant has filed a lengthy non-responsive brief in which he simply reasserts the same claims alleged in his petition and his entitlement to post-conviction and habeas corpus relief. Additionally, he contends that he was "uninformed" and "ill advised" as to the law and that he is entitled to "the appointment of counsel so that counsel can amend and assist on remand and appeal."

The Appellant's petition was dismissed on November 27, 1999, without appointing counsel and without conducting an evidentiary hearing. The trial court found that the indictment was sufficient, reasoning as follows:

> The court has reviewed the copy of the indictment the petitioner has filed with the record and has found the indictment has meet the following requirements
>
> (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;
>
> (2) the form of the indictment meets the requirements of T.C.A.. 40-13-202; and
>
> (3) the mental state can be logically inferred from the conduct alleged.

We believe the procedural posture of this case is similar to that addressed by our supreme court in *McLaney v. Bell*, 59 S.W.3d 90 (Tenn. 2001), wherein the court held: "[h]ad the Appellant been represented by counsel, we would find no error in this dismissal; however, because the Appellant was not represented by counsel, the case is remanded for the appointment of counsel and an evidentiary hearing." *Id.* at 94. Tennessee Supreme Court Rule 13, Section 1, provides in pertinent part:

---

[1]In the Appellant's 39th issue of error, he asserts:

> The indictment is so defective as to fail to vest jurisdiction in the trial court, which may be challenged at any stage of the proceedings, including in a habeas corpus petition. *Wyatt v. State*, 24 S.W.3d 319 (Tenn. 2000). Indictment became useless and invalid the moment the offense upon which the hearing in Juvenile court was based, was dismissed in the circuit court.

Again, in another section of the Appellant's petition, he argues that an indictment "cannot charge two distinct offenses in the same count" and that "[t]he vagueness of the charging instrument denied him notice" because it was duplicitous. It is unclear from the petition whether the above challenges to the indictment are related or constitute separate claims. Of greater importance, it is also unclear as to whether these challenges are the same challenges which were addressed by the supreme court on direct appeal. *See State v. Charles D. Darden*, 12 S.W.3d 455 (Tenn. 2000). Obviously if the issue is the same, principles of collateral estoppel preclude relitigation of this issue on remand. This determination is for the trial court upon remand.

(d) In the following cases and in all other cases required by law, the court or appointing authority shall advise any party who is without counsel that he or she has the right to be represented by counsel throughout the case and that counsel will be appointed to represent the party if he or she is indigent <u>and requests the appointment of counsel</u>. (Emphasis added).

. . .

(4) In proceedings initiated by a petition for *habeas corpus*, early release from incarceration, suspended sentence or probation revocation;

We would emphasize that appointment of counsel is necessary only in cases in which the petition for writ of habeas corpus raises a cognizable claim, *i.e.,* "when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." *McLaney,* 59 S.W.3d at 93 (citing *Stephenson v. Carlton*, 28 S.W.2d 910, 911 (Tenn. 2000)).[2]

With regard to the post-conviction issues, the trial court determined that it was "without jurisdiction to address the issues of post-conviction," and therefore, did not have the authority to transfer such issues to Robertson County, the proper county for post-conviction relief, being the county in which the Appellant was convicted. We agree with the trial court that it was without jurisdiction over the case, and therefore, without the authority to transfer to Robertson County. *See* Tenn. Code Ann. § 40-30-204(a); *White v. Carlton*, No. E2000-02246-CCA-R3-CD (Tenn. Crim. App. 2001) (citing *Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995)).

## CONCLUSION

Based up the foregoing reasons, the judgment of the Lake County Circuit Court is reversed and remanded for the determination of indigency and appointment of counsel regarding the Appellant's challenge to the validity of the indictment and for further proceedings as may be necessary.

_____
DAVID G. HAYES, JUDGE

---

[2]In considering the validity of a judgment, an examination of the underlying record is appropriate in habeas corpus proceedings. *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998).