IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 8, 2002

## STATE OF TENNESSEE v. ANTONIO COACH

### Direct Appeal from the Circuit Court for Lake County
No. 01-CR-8151     R. Lee Moore, Jr., Judge

---

### No. W2001-01673-CCA-R3-CD - Filed March 18, 2002

---

The Appellant, Antonio Coach, appeals from the Lake County Circuit Court's denial of his *pro se* petition for writ of habeas corpus. On appeal, Coach asserts that the trial court's summary dismissal of his petition for writ of habeas corpus without requiring the State to file a responsive pleading was error. Coach further asserts that his sentence is void because the juvenile court failed to make findings of fact before his transfer to circuit court. After review, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Antonio Coach, *Pro Se*, Tiptonville, Tennessee.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; P. Robin Dixon, Jr., Assistant Attorney General; C. Phillip Bivens, District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

In September of 1997, the sixteen-year-old Appellant was arrested and charged with second degree murder. In October of 1997, a hearing was conducted and the Appellant was transferred from juvenile court to circuit court to stand trial as an adult. A Fayette County grand jury subsequently indicted the Appellant for second degree murder. In April of 1998, the Appellant pled guilty to second degree murder and received a sentence of twenty years in the Tennessee Department of Correction. The Appellant is currently an inmate at the Northwest Correctional facility in Lake County. On June 8, 2001, the Appellant filed an application for writ of habeas corpus. On June 18,

2001, the trial court denied the Appellant's application. Notice of appeal was timely filed and the Appellant's issues are now before this court.

## ANALYSIS

The Appellant asserts that the "trial court arbitrarily and capriciously denied [his] writ of habeas corpus without allowing the State to file its return answer as mandated by Tenn. Code Ann. § 29-21-116(b)." The Appellant further contends that the trial court erred by dismissing his petition for writ of habeas corpus without holding a hearing. Specifically, he argues that his sentence is void because "the juvenile court lost jurisdiction to transfer the [his] case to the adult criminal court by failing to make specific findings . . . for the transfer . . . as mandated by Tenn. Code Ann. § 37-1-134."

In the present case, the trial court denied the Appellant's petition for habeas corpus relief, finding that the Appellant's allegations were not a proper subject for habeas corpus relief and that his sentence has neither expired nor is it void. In order to obtain habeas corpus relief in Tennessee, a prisoner must submit an application, in the form of a petition, for the issuance of a writ to the court most convenient in location to the prisoner. *See* Tenn. Code Ann. §§ 29-21-101, -105, -107. If, from the face of the petition, the reviewing court finds nothing to indicate that the appellant's challenged convictions might be void, the court shall dismiss the petition and refuse the issuance of the writ. *See* Tenn. Code Ann. § 29-21-101, -109. The statute contemplates that it is only when the petition sets forth a cognizable claim for relief that the State is required to respond by answer. Therefore, it follows that if the writ is refused, a hearing on the petition is precluded, thereby obviating any response from the State. *See State v. Harris*, No. 01C01-9309-CR-00304 (Tenn. Crim. App. at Nashville, Nov. 10, 1994), *perm. to appeal denied*, (Tenn. Mar. 6, 1995). Thus, the Appellant's first argument has no merit.

With respect to the Appellant's second argument, we note that where allegations contained in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. Tenn. Code Ann. § 29-21-109; *McLaney v. Bell*, 59 S.W.3d 90, 93 (Tenn. 2001). Nonetheless, the Appellant maintains that the juvenile court failed to make mandatory findings before it transferred him from juvenile to circuit court. Before a juvenile may be tried as an adult in a criminal or circuit court, a juvenile court must conduct a transfer hearing and must find, among other things, reasonable grounds to believe that "the child committed the delinquent act as alleged." Tenn. Code Ann. § 37-1-134(a)(4)(A)(Supp. 1999). Following an effective transfer, jurisdiction over the case is vested in the criminal or circuit court. Tenn. Code Ann. § 37-1-134(c). The transfer statute provides that the juvenile court's jurisdiction is terminated "with respect to any and all delinquent acts with which the child may then or thereafter be charged, and the child shall thereafter be dealt with as an adult as to all pending and subsequent criminal charges." Tenn. Code Ann. § 37-1-134(c). The "Order" from the juvenile court of Fayette County transferring the Appellant from juvenile court to circuit court is included in the record. Contained within the transfer order are specific findings articulated by the juvenile court judge. In considering the Appellant's petition for writ of habeas corpus, the Lake County Circuit Court's Order

reflects that it reviewed the articulated grounds for transfer as required by Tennessee Code Annotated § 37-1-134, and found from a review of the record of the proceedings that the Appellant's "sentence has not expired, nor is it void." We agree with this finding. Thus, the Appellant's second argument is without merit.

## CONCLUSION

Based upon the foregoing reasons, we find the Lake County Circuit Court's summary dismissal of the Appellant's petition for writ of habeas corpus to be proper and affirm the judgment.

_____
DAVID G. HAYES, JUDGE