# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. LOUIS TYRONE ROBINSON

**Criminal Court for Davidson County**
**No. 3224**

---

**No. M2002-01641-CCA-R3-CD - Filed April 11, 2003**

---

### ORDER

In this appeal the appellant, Louis Tyrone Robinson, complains that the Davidson County Criminal Court erroneously dismissed his petition for the writ of habeas corpus without affording the appellant a hearing on the petition. After reviewing the record in this matter we are of the opinion that the criminal court was correct in its summary dismissal of the petition and we therefore affirm the action of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

Although the appellant's pro se pleadings are somewhat confusing, it appears that he is alleging that his guilty plea in Gibson County Criminal Court to a charge of second degree murder was entered involuntarily, that the plea was unlawfully induced through plea bargaining and that his sentence of forty years to the Tennessee Department of Correction is excessive.

The writ of habeas corpus is limited to situations where the habeas petitioner can demonstrate that the judgment causing his restraint is void not merely voidable and the judgment reflects on its face that it is void. McLaney v. Bell, 59 S.W.3d 90,92 (Tenn. 2001). We are unfortunately unable to examine the judgment of the Gibson County Criminal Court that forms the basis of the appellant's current restraint because it is not in the record before us. See Tenn. Code Ann. § 29-21-107(2) (habeas petitioner is obligated to attach such judgment to the petition or provide satisfactory reason for not doing so). We cannot therefore say whether the judgment on its face is void.

Secondly, it appears that the allegations in the appellant's brief would at most demonstrate that the conviction is "voidable" since they would require proof beyond the face of the judgment to establish the conviction's invalidity. These allegations are therefore not proper for habeas corpus relief. McLaney v. Bell, supra. at p. 93.

We therefore AFFIRM the summary dismissal of the petition for the writ of habeas corpus pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

It appearing that the Appellant is indigent, costs of this appeal will be paid by the State of Tennessee.

_____
JERRY L. SMITH, JUDGE


_____
DAVID G. HAYES, JUDGE


_____
NORMA MCGEE OGLE, JUDGE