# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## EARL DAVID CRAWFORD v. RICKY BELL, Warden

**Appeal from the Criminal Court for Davidson County**
**No. 3546     J. Randall Wyatt, Jr., Judge**

---

### No. M2004-02440-CCA-R3-HC - Filed February 15, 2005

---

The Defendant, Earl David Crawford, appeals from the trial court's dismissal of his petition seeking habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief, pursuant to Rule 20, Rules of the Court of Criminal Appeals. The State's motion is granted. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JERRY L. SMITH, JJ., joined.

Earl David Crawford, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Kathy Morante, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In 1986, the Defendant was convicted of aggravated rape, aggravated kidnapping, and armed robbery. He received an effective sentence of life imprisonment. His convictions were affirmed on appeal. See State v. Earl David Crawford, C.C.A. No. 258, 1987 WL 19611 (Tenn. Crim. App., Knoxville, Nov. 10, 1987).

On August 12, 2004, the Defendant filed a petition seeking habeas corpus relief. In his petition, he alleges that the 1982 Criminal Sentencing Reform Act, under which he was sentenced, was unconstitutional. He thus argues that the trial court had no authority to sentence him, rendering his convictions and sentences void.

Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired.  Archer v. State, 851 S.W. 2d 157, 164 (Tenn. 1993).  The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment.  Id. at 163.

The Defendant argues that his sentence is void because it was entered in violation of his constitutional right to a jury trial.  He cites as authority Blakley v. Washington, 542 U.S. __, 124 S.Ct. 2531 (2004).  The Defendant's argument has no merit.  First, the argument fails because even if there was a violation of the Defendant's constitutional right at the time of conviction and sentencing, such violation would render the judgment voidable, and not void, unless the face of the record establishes that the trial court did not have jurisdiction to convict or sentence the Defendant.  Secondly, the Blakely holding is not to be applied retroactively and is thus inapplicable to the Defendant's case.  Where the allegations in a petition for writ of habeas corpus relief do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing.  McLaney v. Bell, 59 S.W. 3d 90, 93 (Tenn. 2001).

The Defendant has not established that he is entitled to habeas corpus relief.  He has demonstrated neither a facially invalid judgment nor an expired sentence.  Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID H. WELLES, JUDGE