IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 16, 2004

## JOHN HAWS BURRELL v. HOWARD CARLTON, WARDEN

**Appeal from the Circuit Court for Johnson County
No. 4392      Lynn W. Brown, Judge**

_____

### No. E2004-01700-CCA-R3-HC - March 8, 2005

_____

The Appellant, John Haws Burrell, proceeding *pro se,* appeals the summary dismissal of his petition for writ of habeas corpus.  Because the petition fails to raise a cognizable claim for habeas relief, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA McGEE OGLE, JJ., joined.

John Haws Burrell, *Pro Se*, Mountain City, Tennessee.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; for the Appellee, State of Tennessee.


**OPINION**

**Procedural History**

The Appellant is currently serving an effective twenty-four-year sentence stemming from his multiple convictions in 1993 for sexual battery, rape, and coercion of a witness.  On direct appeal, this court found no error and affirmed the Appellant's convictions and sentences.  *State v. John Haws Burrell*, No. 03C01-9404-CR-00157 (Tenn. Crim. App. at Knoxville, Feb. 11, 1997), *cert. denied,* 523 U.S. 1062, 118 S.Ct. 1393 (1998).  This appears to be the Appellant's sixth application for the writ of habeas corpus.[1]  The instant petition was filed on May 3, 2004, and was summarily dismissed by the Johnson County Circuit Court by order entered June 9, 2004.

_____

[1]In his petition, the Appellant improperly states "the legality of petitioner's restraint has not already been adjudged upon a prior proceeding of the same character, to the best of his information and belief."

## Analysis

Tennessee allows habeas corpus relief under narrow grounds. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). An appellant's habeas corpus petition must show that a judgment is "void" and not merely "voidable." *Id.* The jurisdictional defect must appear on the original trial record to create a void judgment. *Id.* at 92-93. In other words, "the writ will issue only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." *Id.* at 93. Where the assertions in a petition for writ of habeas corpus do not establish a void judgment, a trial court may dismiss the petition without a hearing. *Id.* Our review of a denial of habeas corpus relief is a question of law subject to *de novo* review without a presumption of correctness given to the findings of the lower court. *Id.* at 92.

The Appellant's petition raises five issues. First, the Appellant argues that the trial court was without jurisdiction to amend the judgments of conviction after his transfer to the Department of Correction. This issue was the subject of a previous habeas petition, wherein this court concluded that "such a 'technical concern' is not an appropriate basis for habeas corpus relief." *John Haws Burrell v. Howard Carlton, Warden*, No. E2002-01613-CCA-R3-PC, (Tenn. Crim. App. at Knoxville, Oct 17, 2003). Indeed, this court noted that Tennessee Code Annotated section 40-35-209(g) specifically authorizes entry of an amended judgment document when necessary to complete or correct the judgment form. *Id.* Moreover, "[c]lerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Tenn. R. Crim. P. 36.

In a second and related issue, the Appellant argues that the trial court was without "authority to execute judgments" because separate judgment forms were not entered for each of his seventeen convictions. Again, the remedy for such error is not to render the convictions void, but rather to amend the judgment forms to reflect a separate judgment document for each of the Appellant's seventeen convictions. *See* Tenn. Code Ann. § 40-35-209(g) (2004).

Next, the Appellant alleges that the "fines imposed by the trial court contravene the Criminal Sentencing Reform Act" and that the "fines are excessive." The writ of habeas corpus is available to any person who is illegally "imprisoned or restrained of liberty." Tenn. Code Ann. § 29-21-101 (2004). The assessment of a fine upon a defendant does not constitute imprisonment or restraint within the meaning of those terms. Moreover, the issue of a fine has no application to the question of whether the trial court was without jurisdiction to sentence the defendant or that the defendant's sentence has expired. *See Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Last, the Appellant argues "that due process principles preclude his separate convictions for rape and unlawful sexual contact." In support of this argument, he asserts that the trial court provided erroneous instructions to the jury, thus permitting his convictions for both rape and unlawful sexual contact based upon a single course of conduct. This argument, even if true, would merely render the convictions voidable, not void. Therefore, habeas corpus relief is not warranted.

*See Carney v. Mills*, No. W2004-01563-CCA-R3-HC (Tenn. Crim. App. at Jackson, Dec. 2, 2004); *see also James Dubose v. State*, M2004-01021-CCA-R3-HC (Tenn. Crim. App. at Nashville, Oct. 15, 2004) (citing *Willie Edward Thornton v. Raney*, No. 02C01-9302-CC-00025 (Tenn. Crim. App. at Jackson, Jan. 26, 1994)) (holding that erroneous jury instructions meet none of the requirements for habeas corpus relief).

In sum, we conclude that none of the Appellant's asserted claims present a cognizable ground for which habeas corpus relief may be granted. As previously concluded, the Appellant's claims, if true, would merely render the Appellant's convictions or sentences voidable, not void. When the petition for writ of habeas corpus does not demonstrate that the judgment is void, a trial court may properly dismiss the petition without a hearing and without appointing counsel. *State v. Nelson*, No. M2003-01525-CCA-R3-CO (Tenn. Crim. App. at Nashville, Dec. 30, 2003).

## CONCLUSION

Based upon the foregoing reasons, we affirm the Johnson County Circuit Court's dismissal of the Appellant's petition for writ of habeas corpus.

_____
DAVID G. HAYES, JUDGE