# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE


## JOHNNY L. MCGOWAN, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. 27902, 27903, 27904,27905    Don R. Ash, Judge**

_____

**No. M2004-03059-CCA-R3-CO - Filed April 22, 2005**

_____


This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. The appellant has appealed the trial court's order summarily dismissing his motion to withdraw his guilty plea. In that motion, the appellant argued that his guilty plea resulted in a void sentence because it was ordered to run concurrent to a prior unrelated offense that the appellant was out on bond for at the time of the commission of the offenses which resulted in the guilty plea. Upon a review of the record in this case, we are persuaded that the trial court was correct in summarily dismissing the motion and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Johnny L. McGowan, Jr., pro se, Petros, TN 37845

Paul G. Summers, Attorney General & Reporter; Brent C. Cherry, Assistant Attorney General; and Bill Whitesell, District Attorney General, for the appellee, State of Tennessee.


## MEMORANDUM OPINION

### Factual Background

On January 24, 1994, the appellant pled guilty to aggravated arson, arson, six counts of reckless endangerment with a deadly weapon and two counts of vandalism. The appellant received a sentence of twenty (20) years for aggravated arson, five (5) years for arson, and one (1) year on

each of the eight remaining counts. All sentences were ordered to run concurrently with the twenty-year sentence for aggravated arson. The sentences were also ordered to run concurrently with a prior, apparently unrelated case in Rutherford County.

On December 28, 2000, the appellant filed a petition for writ of habeas corpus in the Davidson County Circuit Court. In the petition, the appellant argued that his sentence was void because it was ordered to run concurrent to the prior, unrelated offense committed in Rutherford County, in contravention of state law. The appellant alleged that the offenses resulting in the guilty plea (Case No. 27457) were committed while he was out on bond for the unrelated Rutherford County case (Case No. 27110). The trial court denied the petition. The appellant appealed.

On appeal, this Court stated:

> We are unable to ascertain from the record before us whether the petitioner was out on bond for case 27110 when any of the other felony offenses were committed. Additionally, the petitioner alleges that his guilty plea was a result of a plea bargain. Included in the plea agreement was the provision that all of the sentences would be served concurrently. However, as the trial judge did not hold a hearing on this issue, we cannot resolve it on the record before us. Therefore, the judgment of the habeas court summarily dismissing the petition for writ of habeas corpus is reversed, and this case is remanded to the Circuit Court of Davidson County for appointment of counsel and an evidentiary hearing. . . . Upon our remand, if the habeas corpus court finds the sentence to be illegal and finds that the sentence in case 27110 has expired, the court must then remand the case to the Rutherford County Criminal Court, where the convictions occurred. On remand to the original convicting court, the petitioner's guilty plea may be withdrawn if concurrent sentencing was a condition of his plea agreement.

Johnny L. McGowan, Jr. v. State, No. M2003-00268-CCA-R3-CO, 2004 WL 741669, at *2 (Tenn. Crim. App., at Nashville, Apr. 7, 2004), perm. app. denied, (Tenn. 2004).

On November 8, 2004, the appellant filed a motion to withdraw his guilty plea in the Circuit Court of Rutherford County. The trial court denied the motion on November 21, 2004. The appellant filed a notice of appeal on December 9, 2004.

After a review of the record, we note that the motion filed in Rutherford County to withdraw the guilty plea makes no reference to the order of this Court regarding the remand of the petition for writ of habeas corpus for reconsideration by the Davidson County Circuit Court or to the disposition of the petition for writ of habeas corpus after remand. Because of our previous decision to remand the habeas corpus petition to Davidson County, the only court that can determine whether the appellant is entitled to habeas corpus relief is Davidson County. See McClaney v. Bell, 59 S.W.3d 90 (Tenn. 2001). If the Davidson County court determines that the appellant is entitled to habeas corpus relief, then the court must remand the matter to Rutherford County where the appellant can

then seek to withdraw the guilty plea if concurrent sentencing was a condition of the plea agreement. <u>Johnny L. McGowan, Jr. v. State</u>, 2004 WL 741669, at \*2. Until that time, any action in Rutherford County is premature.

Rule 20, Rules of the Court of Criminal Appeals provides <u>inter</u> <u>alia</u>:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge . . . .

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20 and we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE