# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## LARRY DOTSON v. STATE OF TENNESSEE, RICKY BELL, WARDEN

**Criminal Court for Davidson County**
**No. 3619**

---

**No. M2005-00436-CCA-R3-HC - Filed January 31, 2006**

---

JOHN EVERETT WILLIAMS, J., dissenting.

For the reasons stated herein, I respectfully dissent from the majority's conclusion. I further wish to express concerns over a recurring anomaly with which we are faced. An ever-increasing number of incarcerated inmates are filing habeas corpus petitions in reliance upon the holding in McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001). These petitioners complain that their sentences are illegal, as they were required to be sentenced consecutively rather than concurrently. In the instant case, the petitioner received an effective sentence of twenty years but complains that he should have received a sentence of at least twenty-three years. At the time of his guilty plea, he was facing a sentence of forty-three years minimum, if all sentences ran consecutively. I fail to understand how the petitioner is aggrieved by the agreed sentence.

McLaney holds that where a defendant pleads guilty in exchange for an illegal sentence, he or she has the option of either withdrawing the guilty plea or leaving the sentence intact. However, the defendant in the present case is not aggrieved, as he received the benefit of his plea bargain, and he has not claimed that his plea was unknowing or involuntary. I submit that the only parties who did not fully understand the plea agreement were perhaps the State and the victims. Certainly, the State did not knowingly agree to a sentence that would allow the petitioner to receive a trial on the most serious charges long after physical evidence deteriorates, witnesses die, and the State's proof greatly diminishes. This rule, which allows challenges in perpetuity, greatly undermines the victims' interest in the finality of judgments and our collective interest in an expeditious, but efficient, judicial process.

Furthermore, the windfall created for the defendant allows a second bite at the apple in cases in which the defendant deems the rule would result to his or her advantage. For example, the defendant would not challenge the imposition of concurrent sentences if he or she were out on bail for a more serious crime when a lesser crime was committed because it is of no benefit. The converse, however, greatly inures to the benefit of the defendant and provides grounds for claims such as the one before us. I am further persuaded by Judge Hayes' dissent in Dwight K. Pritchard v. State, No. M2005-00594-CCA-R3-HC, 2005 Tenn. Crim. App. LEXIS 1289 (Tenn. Crim. App.,

at Nashville, Dec. 16, 2005) (Hayes, J., dissenting), in which he noted that such error is non-jurisdictional and results in a voidable judgment that is properly addressed in a petition for post-conviction relief.

In the instant case, I agree with the findings of the trial court when it stated that "[t]he petitioner submitted a document indicating that he had made bond on an assault charge but there is no proof that this charge is the same aggravated assault which the petitioner was subsequently convicted of." McLaney states that if it appears on the judgment or the record of the underlying convictions that the latter offenses were committed while on bail, the sentences are void. 59 S.W.3d at 93. McLaney further states that "[w]here claims or defenses in collateral proceedings depend upon the record in the original conviction, it is the party's obligation (whether pro se or represented) to introduce the pertinent documents from the original conviction; otherwise, such documents generally will not be reviewed by this Court." Id. at 96. The petitioner, having failed to submit the pertinent documents from the original conviction, failed to carry his burden of proof. Therefore, the petition for relief should be denied.

_____
JOHN EVERETT WILLIAMS, JUDGE