IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 14, 2006

## BRIAN ROBERSON v. HOWARD CARLTON, WARDEN

**Direct Appeal from the Criminal Court for Johnson County**
**No. 4865     Lynn W. Brown, Judge**

---

**No. E2006-01551-CCA-R3-HC - Filed July 12, 2007**

---

JOHN EVERETT WILLIAMS, J., dissenting.

I write in dissent to express my opinion as to what the "record in the underlying proceeding" means.

Since our Supreme Court holding in McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001) (overruled in part by Summers v. State, 212 S.W.3d 251 (Tenn.2007)), this court has received an ever increasing number of appeals from the denial of habeas corpus petitions which, interestingly, are couched in terms unusual to any other petitions filed by inmates in this state. In essence, the defendants claim that they were sentenced to less time in jail than the law requires; therefore, their sentences are illegal. As an illegal sentence, they request that their convictions be set aside. However, our Supreme Court has refused to set aside convictions and merely set aside the illegal sentences and required new sentencing. The practical effect may result in the defendants actually receiving more time in prison. For example, consider the prisoner who does not receive a consecutive sentence though he was out on bond for another offense when he committed the offense for which he is sentenced. The law contemplates that a sentence for a criminal offense committed while on bond for a different offense will be served consecutive to the sentence he/she receives on the bondable offense. See T.C.A. § 40-20-111(b). If the defendants' convictions are set aside, they may be retried or resentenced and may receive longer prison terms than the original sentence. The defendants should know they might not end up with any real relief but, rather, might be required to serve additional time.

For many reasons the bondable offense may not have come to trial before the second offense. In which case, a trial court cannot run a sentence consecutive to a sentence that does not yet exist. In many instances, a trial court is unaware of any previous bonds or convictions that a defendant may have because the trial court is merely accepting the District Attorney General's recommendation as

to the defendant's guilty plea and sentence. Oftentimes, the trial court is unaware of the previous conduct of a defendant or the strength, or lack thereof, of the State's case.

Judgment forms in Tennessee are governed by Tennessee Supreme Court Rule 17 and Tennessee Code Annotated section 40-35-209, and, therefore, are uniform throughout the state. However, the information contained in the forms is not uniform and without knowledge of the specific programs available in a particular judicial district, an appellate court sometimes has difficulty deciphering what the trial judgments reflect. So, it is imperative that trial courts use clear and concise language in their judgments. For example, in the instant case, judgment in case number I-496-117, count one, appears valid on its face. However, the class felony the defendant was indicted for and the class felony he was convicted of is not marked on the judgment in case number I-1196-398-A, count seven. Further, one can glean that the sentence was to be served consecutive to a "sentence now serving." This judgment is devoid of any information as to another case, conviction, county, or court in which the defendant is "now serving" a sentence. Even with this lack of information, the judgment, on its face, is valid. The contested judgment forms in this case (judgment I-1196-398-A, count one, and judgment I-1196-398-A, count three) contain language that these sentences are to run concurrently with "all other previous imposed sentences." The majority concludes that by using the word "all," it appears on the face of the judgment that these sentences will run concurrently with the sentences in case number I-496-117. I disagree. I would read the judgment to say that those sentences will run concurrently to "all other previously imposed sentences" in this case. The trial court knew that this defendant had already been sentenced on count seven and was now entering a guilty plea to counts one and three,[1] so language that says concurrently with "all other previously imposed sentences" in this case makes common sense to me. I note that I know of no practical effect that voiding the sentence in judgment I-1196-398-A, counts one and three, will have on this defendant except to expose him to a greater sentence. He was sentenced to nine years on judgment I-1196-398-A, count seven, to run consecutively to a "sentence now serving" and, if that sentence was the eight and one-half-year sentence in case number I-496-117, count one, the additional sentences of eight years in counts one and three do not increase the actual number of years this defendant is required to serve.

One of the key questions remaining unanswered by the holdings in McLaney and Summers is what is the "record of the underlying proceedings." The majority's opinion differs from my very narrow interpretation of this phrase. I interpret the "record of the underlying proceedings" to be the record in the case under attack as being illegal. Here, that record would be in case number I-1196-398-A. It may consist of the technical record, jury verdict, guilty plea colloquy, any transcripts, and the judgment forms. Using my limited definition of the phrase "record of the underlying proceeding," I could only consider the record in case number I-1196-398-A to make a determination as to whether the trial court sentenced in contravention of state statute such as to constitute an illegal sentence. In the instant case, therefore, I could not consider the judgment in case number I-496-117 and the bond receipt contained therein unless, somehow, they were introduced during case number

---

[1] The majority concludes that count five is legal, and I do not disagree.

I-1196-398-A and found within.  It is because I used this limited definition that I conclude no relief is warranted and I differ from the majority.

_____
JOHN EVERETT WILLIAMS, JUDGE