# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 7, 2007

## PAUL T. DAVIS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2001-A-483      Monte Watkins, Judge**

---

**No. M2006-01831-CCA-R3-HC - Filed January 31, 2008**

---

JAMES CURWOOD WITT, JR., J., dissenting and concurring.

I concur in the result that this court has jurisdiction to hear the appeal, but respectfully, I disagree with the holding that the habeas corpus petition was filed in an appropriate court.

I agree that the civil rules do not govern the proceeding before us, which is a challenge to restraint imposed via a criminal conviction. However, I would decline to excuse the petitioner from a timely filing of a notice of appeal because I disagree that his claim on appeal warrants redress.

The majority graciously cites authorities that indicate that a habeas corpus challenge to an illegal sentence must be filed in the court nearest the petitioner's place of restraint. I view those authorities apt, particularly when the rationale for allowing a conviction-court filing is in part based upon the quoted statement that the conviction court is authorized to correct an illegal sentence at any time. I believe that any court with collateral-attack jurisdiction, not just the conviction court, may correct the illegal judgment at any time. In *McLaney v. Bell*, 59 S.W.3d 90 (Tenn. 2001), our supreme court clearly determined that the habeas corpus court was empowered to set aside the illegal judgment that had been imposed by another court. *Id.* at 95. Additionally, in *Summers v. State*, 212 S.W.3d 251 (Tenn. 2007), our supreme court held that a habeas corpus petitioner must attach to his petition all documents that manifest his illegal sentence claim, tends to equip the non-conviction habeas corpus court with access to the sentencing documents that emanated in the conviction court. *See id*. at 262 (We . . . hold that the trial court's summary dismissal of the habeas corpus petition was proper in light of Summers' failure to attach to the habeas corpus petition pertinent documents from the record of the underlying proceedings to support the illegal sentence claim."). I do not believe that the conviction court has a peculiar power to correct an illegal sentence by which it would be preferred as a habeas corpus tribunal.

To me, the result is that the interests of justice do not compel the excusing of an untimely notice of appeal.

_____
JAMES CURWOOD WITT, JR., JUDGE