IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
October 5, 2004 Session

## STATE OF TENNESSEE v. RICHARD MADKINS

**Appeal from the Criminal Court for Shelby County
Nos. 84-04503, 84-04938, 84-04939, 84-00678, 84-00679,
84-00680 and 84-00681     John P. Colton, Jr., Judge**

**No. W2003-02938-CCA-R3-CD  - Filed January 5, 2005**

The state appeals from the order of the Shelby County Criminal Court dismissing multiple indictments brought against the petitioner, Richard Madkins. The court had dismissed the indictments in connection with granting *habeas corpus* relief to the petitioner owing to illegal concurrent sentencing.  Finding that dismissal of the indictments was an improper remedy, we reverse and remand for further proceedings consistent with the procedures set forth in *McLaney v. Bell*, 59 S.W.3d 90 (Tenn. 2001).

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Reversed and Remanded.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Steve Crossnoe, Assistant District Attorney General, for the Appellant, State of Tennessee.

Kamilah E. Turner, Memphis, Tennessee, for the Appellee, Richard Madkins.

### OPINION

The record in the case before this court is exceptionally meager.  It consists of a November 3, 2003 "Order Granting Motion to Dismiss Indictment and Withdraw Guilty Plea," the state's "Motion to Amend Order to Grant Motion to Dismiss and to Withdraw Guilty Plea," and the state's "Notice of Appeal," filed December 2, 2003.  The motion that instigated the order being appealed – presumably filed by the petitioner – is not part of the appellate record.

From the November 3, 2003 Order, we glean that the underlying proceeding involves a petition seeking *habeas corpus* relief on the basis of illegal concurrent sentencing for offenses committed in 1984 while the petitioner was on bond.  We are not apprised of the sentences actually

imposed, and no judgments of conviction are in the record to enlighten us. We are, however, told that the offenses involved multiple incidents of robbery with a deadly weapon. Finding that the petitioner was ineligible for concurrent sentencing,[1] the court ruled as follows:

> In *State v. Burkhart*, the court held that "the trial judge may correct an illegal judgment, as opposed to a merely erroneous sentence, at any time even if it has become final." *State v. Burkhart*, 566 S.W.3d [sic] 871 (Tenn. 1978). Here, the petitioner was found guilty by a jury in case 84-04503. In cases 84-04938, 8[4]-00678, -79, -80, and -81, however, the petitioner pled guilty. After careful review of the documents filed by counsel, this Court agrees that the trial court was in error when it sentenced the defendant. Based in part on the findings of the Davidson County Criminal Court,[2] and in part on the pertinent statutes, this Court finds that the concurrent sentences given to the petitioner in cases 8[4]-00678, 8[4]-00679, 8[4]-00680, and 85-00681 are void, and are ordered dismissed with prejudice. The conviction and sentence for case 84-04503 will stand and remain valid and unalterable, as it was not the result of a guilty plea, but rather a verdict found by a jury. Furthermore, it was also the first of the offenses committed, and not subject to sentencing as part of a group of offenses committed while the defendant was released on bail.

## CONCLUSION

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Petitioner's MOTION TO DISMISS INDICTMENTS is **GRANTED IN PART, AND DENIED IN PART**.

Subsequent to the order, the state filed a motion to amend the order in which it pointed out that cases 84-04938 and 84-04939 were inadvertently omitted from the list of void sentences. The state also complained that the court's order dismissing the indictments contravened the supreme court's dictates in *McLaney v. Bell*, 59 S.W.3d 90 (Tenn. 2001). No order appears in

---

[1] *See* Tenn. Code Ann. § 40-20-111(b) (1982) ("In any case in which a defendant commits a felony while such defendant was released on bail . . . and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively but shall order that such sentences be served cumulatively.").

[2] We are advised by the briefs of the parties that the original *habeas corpus* petition was filed in the Davidson County Criminal Court. That court ruled that the petitioner's concurrent sentences were illegal and void, and that court transferred the matter to Shelby County for appropriate corrective action.

the appellate record disposing of the state's motion, and the state's notice of appeal only references the November 3, 2003 Order.

On appeal, the state concedes that the petitioner's sentences appear to be void, but it correctly insists that the proper remedy is not dismissal of the underlying indictments. Instead, *McLaney* instructs,

> If the sentence is void, then either the plea may be withdrawn or the conviction remains intact. If the plea is withdrawn, then [the petitioner] would be ordered held to bail pending prosecution for the offense; if the conviction remained intact, then [the petitioner] would be committed to custody pending resentencing. Thus, there is legal cause for continued detention pending further proceedings.

*Id*. at 94-95.

For his part, the petitioner concedes on appeal that, pursuant to *McLaney*, the appropriate action that the court should have taken was to allow him to withdraw his guilty pleas and either proceed to trial or allow the plea to remain intact and be resentenced. The petitioner then launches into a separate argument that the indictments, nevertheless, should be dismissed because the elapsed time between the date of his pleas and the date that the sentences were found to be illegal violated his Sixth Amendment right to a speedy trial. We find absolutely no evidence in this record that the trial court was ever asked to consider or rule upon any speedy trial claim. The petitioner makes a bald assertion that he moved for a dismissal of the indictments on speedy trial grounds and that the trial court granted his motion. We hold that the issue, if indeed raised below and ruled upon, has been waived for failure to cite to the record. *See* Tenn. R. App. P. 27(a)(7), (g), (h); Tenn. R. Ct. Crim. App. 10(b).

Accordingly, we reverse the trial court's order dismissing the indictments and remand the case to the Shelby County Criminal Court for further proceedings consistent with the directives of *McLaney v. Bell*, 59 S.W.3d 90 (Tenn. 2001).

_____
JAMES CURWOOD WITT, JR., JUDGE