IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## XAVIER TODD v. CHERRY LINDAMOOD, WARDEN

**Appeal from the Circuit Court for Wayne County**
**Nos. 99-04986 *et al.***

---

### No. M2018-00099-CCA-R3-HC

---

The Appellant, Xavier Todd, appeals the trial court's summary dismissal of his petition for habeas corpus relief. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR. and TIMOTHY L. EASTER, JJ. joined.

Xavier Todd, *Pro se*.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In 2000, the Appellant pled guilty to ten crimes and received an effective thirty-year sentence to be served at sixty percent. *Xavier Todd v. State*, No. W2005-02483-CCA-R3-PC, 2006 WL 2771035 (Tenn. Crim. App. Sep. 27, 2006). The Appellant subsequently filed a post-conviction petition. *Id.* Pursuant to an agreement between the Appellant and the State, the trial court entered an order amending the ten judgments to reflect a release eligibility date after service of forty-five percent of the effective thirty-year sentence. *Id.*

In the instant habeas corpus petition, the Appellant argues the amended judgments are void because the trial court entered them without the Appellant being present and because no arrest warrant appears in the record. The trial court dismissed the petition without a hearing. The Appellant has appealed, and the State now moves the Court to affirm the order of the trial court pursuant to Court of Criminal Appeals Rule 20. Upon review, said motion is hereby granted.

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief, and Tennessee Code Annotated sections 29-21-101 *et seq.* codify the applicable procedures for seeking such a writ. The grounds upon which our law provides relief are very narrow, however. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record of the proceedings that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). "[W]here the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing." *McLaney*, 59 S.W.3d at 93.

The State argues neither of the grounds for relief asserted by the Appellant entitles him to the requested habeas corpus relief. Despite the fact the trial court entered the amended judgments pursuant to an agreement reached between the Appellant and the State, upon the post-conviction petition initiated by the Appellant himself, the Appellant has simply failed to demonstrate how his physical absence or the lack of his signature renders the amended judgments void. The record reflects the Appellant's attorney signed the agreed upon post-conviction order and the amended judgments. Regardless, the Appellant's claim is otherwise without merit. *See Michael Thompson v. Kevin Myers, Warden*, No. M2002-01346-CCA-R3-CO, 2002 WL 31852868 (Tenn. Crim. App. Dec. 20, 2002); *Donald W. Biggs v. State*, No. 02C01-9901-CC-00017, 1999 WL 459224 (Tenn. Crim. App. July 7, 1999) (Order). As these cases suggest, the Appellant's claim, if meritorious, would render the amended judgments voidable, not void. Likewise, his claim regarding the missing arrest warrant would merely render his amended judgments voidable, at best. *See Ladarius L. Reffegee v. Blair Leibach, Warden*, No. M2017-01153-CCA-R3-HC, 2018 WL 1603823 (Tenn. Crim. App. Apr. 2, 2018). The Appellant is not entitled to habeas corpus relief.

Accordingly, for these reasons, the order of the trial court is affirmed in accordance with Court of Criminal Appeals Rule 20.

Judge Robert W. Wedemeyer

2