# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## DARREN RAY CASE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 13428     Robert L. Jones, Judge**

---

**No. M2004-01727-CCA-R3-HC - Filed March 10, 2005**

---

The Petitioner, Darren Ray Case, appeals from the dismissal of his petition for the writ of habeas corpus. The State has filed a motion requesting that the Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the appeal is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Darren Ray Case, pro se, Clifton, Tennessee.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On July 15, 2003, the Petitioner pled guilty to one count of sale of a Schedule I narcotic, two counts of vehicular assault, and two counts of aggravated assault. Petitioner received an eight year sentence for the sale of a Schedule I narcotic conviction, a two year sentence for each of the vehicular assault convictions, and a three year sentence for each of the aggravated assault convictions. The judgment form for the sale of a Schedule I narcotic shows that it was ordered to run consecutively to the aggravated assault counts and any prior convictions. The judgment forms for the vehicular assault convictions order that they are to run consecutively to the sale count and the aggravated assault conviction, however, the judgment does not indicate whether the vehicular assaults are to run concurrently or consecutively to each other. The judgment form for one of the aggravated assault

convictions states that it is to run consecutively to the sale count and to the first count of vehicular assault.

On October 1, 2003, the trial court entered two amended judgments that showed that the Petitioner pled nolo contendere, instead of pleading guilty, to the sale of a Schedule I narcotic and to the first count of aggravated assault. The amended judgment reflects that the sale of a Schedule I narcotic sentence should run consecutively to the aggravated assault sentences.

On April 23, 2004, the Petitioner filed, pro se, a petition for writ of habeas corpus relief in the Wayne County Circuit Court. He asserted that his conviction is void because his plea agreement was not honored by the entry of an amended judgment on the sale of a Schedule I narcotic count. On June 12, 2004, the trial court issued an order dismissing the Petitioner's application for habeas corpus relief. The Petitioner filed his notice of appeal in the trial court on July 3, 2004.

The grounds upon which a writ of habeas corpus may be issued are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).

The Petitioner has failed to set forth any allegations that would indicated that the trial court lacked jurisdiction to convict or sentence him or that he is unlawfully "restrained" for a sentence that has expired. As this court has recognized, Petitioner's claim that his plea agreement was not honored in the judgment entered or sentence imposed "presents at most a claim of a merely voidable, and not void, judgment or sentence." Jeffrey Miller v. State of Tennessee, No. E2000-01192-CCA-R3-CD, 2001 WL 987154, *2 (Tenn. Crim. App., at Knoxville, Aug. 29, 2001) (citing Paul v. Barnett v. State, No. E1999-01583-CCA-R3-CD, 2000 WL 782048 (Tenn. Crim. App., at Knoxville, June 20, 2000); see also Roger T. Johnson v. State, No. M2002-02902-CCA-R3-CO, 2004 WL 443971, *1 (Tenn. Crim. App., at Nashville, March 5, 2004), *perm. app. denied* (Tenn. 2004).

The Petitioner has failed to establish by a preponderance of the evidence that his conviction is void or his term of imprisonment has expired. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE