# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STANLEY HARVELL v. GLEN TURNER

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9753   Jon K. Blackwood, Judge**

**No. W2004-02643-CCA-R3-HC  - Filed April 12, 2005**

The Petitioner, Stanley Harvell, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The State's motion is granted.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which  DAVID G. HAYES  and J.C. MCLIN, JJ.  joined.

Stanley Harvell, pro se.

Paul G. Summers, Attorney General & Reporter; Seth P. Kestner, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

On May 13, 1980, a Gibson County jury found the Petitioner guilty of two counts of armed robbery and one count of aiding and abetting armed robbery.  For these offenses, the Petitioner received an effective sentence of thirty years in the Department of Correction.  On September 12, 1980, Petitioner entered a guilty plea to one count of "aggravated assault and crimes against nature."  For this offense, the Petitioner received a sentence of one year with this sentence to be served

consecutively to the outstanding thirty-year sentence. On January 23, 1987, Petitioner was convicted of assault with intent to commit first-degree murder. A sentence of life imprisonment was imposed and this sentence was ordered to be served consecutively to his prior sentence. Petitioner is currently confined at the Hardeman County Correctional Facility in Whiteville, Tennessee.

On September 10, 2004, Petitioner filed a petition for writ of habeas corpus relief in the Hardeman County Circuit Court attacking the validity of his 1980 convictions for armed robbery, aiding and abetting armed robbery, and aggravated assault, and his 1987 conviction for assault with intent to commit first-degree murder. As grounds for relief, Petitioner alleged that his convictions were void because the judgments against him are "unsigned." Petitioner also claimed that the decision in *Blakely v. Washington* rendered his convictions void. On September 21, 2005, the trial court summarily denied relief.

The grounds upon which habeas corpus relief may be granted in this state are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman*, 153 S.W.3d at 20 (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing are required and the trial court may properly dismiss the petition. *Hickman*, 153 S.W.3d at 20 (citations omitted).

Initially, we acknowledge that it has been repeatedly held by Tennessee courts that failure of the trial judge to sign a judgment does not render the judgment void for habeas corpus purposes. *See James Russell Gann v. David Mills,* No.E2003-00281-CCA-R3-PC, 2003 WL 21714064, at * 1 (Tenn. Crim. App., at Knoxville, Jul. 24, 2003); *Michael Thomason v. Kevin Myers,* No. M2002-01346-CCA-R3-CO, 2002 WL 31852868, at *2 (Tenn. Crim. App., at Nashville, Dec. 20, 2002). Next, the Petitioner alleges that his convictions are void as he was denied his constitutional right to a trial by jury. In support of this proposition, Petitioner relies upon the United States Supreme Court decision in *Blakely v. Washington,* 524 U.S. –, 124 S. Ct. 2531 (2004). The Petitioner's argument has no merit. First, the argument fails because even if there was a violation of the Petitioner's constitutional right at the time of conviction and sentencing, such violation would render the judgment voidable, and not void, unless the face of the record establishes that the trial court did not have jurisdiction to convict or sentence the Petitioner. *See Earl David Crawford v. Ricky Bell*, No. M2004-02440-CCA-R3-HC, 2005 WL 354106, *1 (Tenn. Crim. App., at Nashville, Feb. 15, 2005). Secondly, the *Blakely* holding is not to be applied retroactively and is thus inapplicable to the Petitioner's case. *Id.*; *see also Isaac Herron v. State*, No. W2004-02533-CCA-R28-PC (Tenn. Crim. App., at Jackson, Nov. 22, 2004)

2

(*order*).  Where the allegations in a petition for writ of habeas corpus relief do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell,* 59 S.W.3d 90, 93 (Tenn.2001).

The Petitioner has not established that he is entitled to habeas corpus relief.  He has demonstrated neither a facially invalid judgment nor an expired sentence.  Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

ALAN E. GLENN, JUDGE