IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 25, 2005

## CARL ED LEMING v. VIRGINIA LEWIS, WARDEN

**Direct Appeal from the Circuit Court for Bledsoe County**
**No. 33-2003     J. Curtis Smith, Judge**

_____

**No. E2004-01932-CCA-R3-HC - Filed April 21, 2005**

_____

The petitioner, Carl Ed Leming, pled guilty in the Hamilton County Circuit Court to two counts of aggravated rape. He received consecutive sentences of forty years incarceration in the Tennessee Department of Correction, with release eligibility after serving thirty percent of his sentence. Subsequently, the petitioner filed in the Bledsoe County Circuit Court a petition for a writ of habeas corpus, alleging that his sentence was illegal because he received statutorily impermissible release eligibility. The court dismissed the petitioner's petition for a writ of habeas corpus, and the petitioner now appeals. Upon our review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Carl Ed Leming, Pikeville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; James Michael Taylor, District Attorney General; and James William Pope, III, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

The petitioner is no stranger to this court. He has previously filed two petitions for writs of habeas corpus, which petitions were denied and the denials affirmed by this court. See Carl Ed Leming v. James A. Bowlen, Warden, No. E2002-02102-CCA-R3-PC, slip op. at 2 (Tenn. Crim. App. at Knoxville, Apr. 1, 2003) (order); Carl Ed Leming v. State, No. 03C01-9603-CC-00119, 1997 WL 198782, at *2 (Tenn. Crim. App. at Knoxville, Apr. 22, 1997). This court previously summarized the history of the petitioner's convictions:

The petitioner is in the custody of the Department of Correction serving an effective sentence of forty-three years for his 1983 convictions of two counts of aggravated rape and one count of grand larceny. The convictions were based upon the petitioner entering guilty pleas. The petitioner was sentenced on December 13, 1983, as a Range I, standard offender to concurrent sentences of forty years for each aggravated rape conviction to be served consecutively to a three-year sentence for the grand larceny conviction [with release eligibility after service of thirty percent of his sentence].

Leming, No. 03C01-9603-CC-00119, 1997 WL 198782, at *1.

Subsequently, the petitioner filed his instant petition for a writ of habeas corpus. Therein, the petitioner contends that because he was sentenced for two aggravated rape convictions, which, at the time of his pleas, were Class X felonies, the sentencing court was mandated to impose sentences with release eligibility after service of one hundred percent of those sentences.[1] Thus, the appellant argues that the sentencing court was without jurisdiction to grant him, due to his status as a Range I standard offender, release eligibility after service of thirty percent of his aggravated rape sentences, and, therefore, he contends that his sentences are illegal.

The trial court dismissed the instant petition, finding that this court previously determined that "the petitioner was sentenced with the appropriate release classification status." Leming, No. E2002-02102-CCA-R3-PC, slip op. at 1. Additionally, the trial court found that "the Petitioner's sentences are not in direct contravention of the Class X Felony Act, as amended by Public Chapter 400." The petitioner currently appeals the ruling of the trial court.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. See McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought

---

[1] In the instant appeal, the petitioner does not raise any issues relating to his conviction or sentence for grand larceny.

only when the judgment is void, not merely voidable. See Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted).

As we noted earlier, the petitioner's instant complaint is that he was illegally sentenced to serve thirty percent of his sentences for aggravated rape before becoming eligible for release. In a prior petition for a writ of habeas corpus, the petitioner complained that his release eligibility should have been forty percent instead of thirty percent. See Leming, No. E2002-02102-CCA-R3-PC, slip op. at 1. That petition was denied. This court affirmed the denial pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Id. Specifically, this court explained:

> In May 2002, the petitioner filed . . . [a] petition for writ of habeas corpus alleging that the sentences imposed upon his aggravated rape convictions are void because Tennessee Code Ann. § 40-28-301 (repealed) mandates that the release classification status for a Class X felony is 40%, rather than the 30% under which he was sentenced. As the state notes, Section 40-28-301 was superceded by Tenn. Code Ann. § 40-35-112 of the Criminal Sentencing Reform Act of 1982. Section 40-35-112(a) provided that crimes committed on or after July 1, 1982, shall be tried and sentenced under the 1982 Act. Section 40-35-112(b) further provided, in relevant part, as follows:
>
> "A crime which occurs on or after July 1, 1982, and is otherwise classified as a Class X felony shall be treated in all respects under the law as it existed prior to July 1, 1982, except:
>
> (2) The release classification eligibility date and the manner of service in a maximum security institution shall be governed in accordance with this chapter. . . ."
>
> In turn, Section 40-35-501(c) provided that "[r]elease eligibility for each defendant otherwise sentenced from within Range I shall occur after service of thirty percent (30%) of the actual sentenced imposed."

Id.

In affirming the judgment of the trial court, this court noted that "the petitioner was sentenced with the appropriate release classification status." Id. The petitioner's current complaint mirrors his earlier complaint. Thus, this court has previously addressed the merits of the petitioner's complaint, and we concluded that the petitioner does not suffer from an illegal sentence. "Principles of *res*

*judicata* dictate the issue not be relitigated." See John C. Tomlinson v. State, No. M2001-02152-CCA-R3-CO, 2002 WL 1400051, at *3 (Tenn. Crim. App. at Nashville, June 28, 2002). Accordingly, we again conclude that the petitioner's argument has no merit.

### III.  Conclusion

Finding no error, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE