# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## LARRY W. CLARK v. RICKY BELL, WARDEN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 3598      J. Randall Wyatt, Jr., Judge**

---

**No. M2005-00285-CCA-R3-HC - Filed May 26, 2005**

---

The Petitioner, Larry W. Clark, appeals from the dismissal of his petition for the writ of habeas corpus. The State has filed a motion requesting that the Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Larry W. Clark, pro se, Nashville, Tennessee.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner pled guilty to second degree murder on May 30, 1986. Under the Sentencing Act of 1982, the trial court sentenced the Petitioner to fifty years in prison, as a Range II persistent offender sentenced for an especially aggravated offense. On December 2, 2004, the Petitioner filed a pro se petition for writ of habeas corpus relief in the Davidson County Criminal Court. He asserted that the 1982 Criminal Sentencing Reform Act was unconstitutional and unconstitutionally applied to him. He argues that the trial court did not have the authority to impose a sentence above the statutory minimum without a jury's determination of the facts used to enhance his sentence, rendering

his convictions and sentences void. On January 4, 2005, the trial court dismissed the petition, finding that the Shelby County Criminal Court had jurisdiction to sentence the Petitioner and that the Petitioner's sentence was not void. Further, the court held that the Supreme Court mandates in Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) were not in conflict with the 1982 sentencing scheme. The Petitioner filed his notice of appeal in the trial court on January 26, 2005.

The grounds upon which a writ of habeas corpus may be issued are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. See Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

The Petitioner, relying on Blakely, Apprendi, the sixth and fourteenth amendments of the United States Constitution, and the Tennessee Constitution, claims that the trial court did not have the authority to impose a sentence above the statutory minimum of thirty-five years because it applied enhancement factors that were not found by a jury or admitted by the Petitioner, rendering his sentences illegal.

These allegations, even if true, do not provide the Petitioner with a valid ground for habeas corpus relief. Even if there was a violation of the Petitioner's constitutional rights at the time of conviction and sentencing, such violation would render the judgment voidable, and not void, unless the face of the record establishes that the trial court did not have jurisdiction to convict or sentence the Petitioner. See Earl David Crawford v. State, No. M2004-02440-CCA-R3-HC, 2005 WL 354106, at *1 (Tenn. Crim. App., at Nashville, Feb.15, 2005). Additionally, the Tennessee Supreme Court recently held, in State v. Gomez and Londono, No. M2002-01209-SC-R11-CD (Tenn., April 15, 2005), in context of the 1989 sentencing act, that Tennessee's sentencing scheme is discretionary and non-mandatory, and, as such, it does not violate the Sixth amendment right to a trial by jury. Id. at __. Even assuming, however, that the Court's holding in Gomez did not apply to the 1982 sentencing act, this Court has previously held, with regard to post-conviction proceedings, that Blakely does not apply retroactively to cases on collateral appeal. See Donald Branch v. State, No. W2003-03042-CCA-R3-PC, 2004 WL 2996894, at *10 (Tenn. Crim. App., at Jackson, Dec. 21, 2004); Carl Johnson v. State, No. W2003-02760-CCA-R3-PC, 2005 WL 181699, at *4 (Tenn. Crim. App., at Jackson, Jan. 25, 2005).

The Petitioner has failed to establish by a preponderance of the evidence that his convictions are void or his term of imprisonment has expired.  Accordingly, the State's motion is granted.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE