# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### NICHOLAS SANDERS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5982    Joe H. Walker, III, Judge**

---

**No. W2005-01798-CCA-R3-HC  - Filed October 18, 2005**

---

The Petitioner, Nicholas Sanders, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES AND J.C. McLIN, JJ.  joined.

Nicholas Sanders, pro se.

Paul G. Summers, Attorney General & Reporter; Elizabeth Bingham Marney, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

On October 5, 1989, the Petitioner, Nicholas Sanders, was found guilty of the offense of first degree murder, a class X felony, and was sentenced to life imprisonment.  *See State v. Eric Maurice Lofton*, No. 135, 1991 WL 4471, *1 (Tenn. Crim. App., at Jackson, Jan. 23, 1991).  The Petitioner's conviction and sentence were affirmed on direct appeal by this Court.  *Id.*  He later sought post-

conviction relief which was denied. *See Nicholas S. Sanders v. State*, No. 02C01-9306-CR-00127, 1993 WL 531751, *1 (Tenn. Crim. App., at Jackson, Dec. 22, 1993), *perm. to appeal denied*, (Tenn. May 9, 1994). In the pleadings before this Court, the Petitioner alleges that an application for habeas corpus relief was filed and denied. He contends that no appeal was taken to this Court. The Petitioner is presently confined at West Tennessee State Penitentiary in Henning, Tennessee.

On July 14, 2005, the Petitioner filed a second petition for writ of habeas corpus relief in the Lauderdale County Circuit Court. As grounds for relief, Petitioner alleged that the judgment of conviction is void because the trial court violated his due process rights by failing to provide the "burden of proof" instruction to the jury. Petitioner also alleges that the convicting court was without jurisdiction to impose the sentence because the court failed to obtain a waiver of jury sentencing from the Petitioner in violation of section 39-2-204(b), Tennessee Code Annotated. On July 18, 2005, the trial court summarily denied habeas corpus relief without the appointment of counsel. In denying relief, the trial court found that the "Petitioner's sentences have not expired [and] [t]he Criminal Court has jurisdiction or authority to sentence a defendant to the sentence he received." Petitioner timely filed a notice of appeal document on July 28, 2005.

The State has filed a motion requesting that this Court affirm the lower court's denial of habeas corpus relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As basis for its motion, the State asserts that affirmance by memorandum opinion of this Court is warranted because the Petitioner failed to state a colorable claim for habeas corpus relief.

It is well established that the grounds upon which habeas corpus relief may be granted in this state are narrow. *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004) (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman,* 153 S.W.3d at 20 (quoting *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.*

Petitioner claims that (1) the trial court failed to instruct the jury as to the "burden of proof" thereby denying him due process of law and (2) the trial court failed to obtain a waiver from the Petitioner before imposing a life sentence. Petitioner's challenge to the omitted jury instruction,even if proven, would render the conviction voidable, and not void. *See Passarella* , 891 S.W.2d at 627. Where the allegations in a petition for writ of habeas corpus relief do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell*, 59 S.W.3d 90, 93 (Tenn. 2001). Additionally, the record fails to support Petitioner's claim that he was sentenced in contravention of section 39-2-204(b) (1982). The petitioner in a habeas corpus

proceeding bears the burden of showing by a preponderance of the evidence that the conviction is void or that the prison term has expired. *Passarella,* 891 S.W.2d at 627. Notwithstanding, even had the record supported the Petitioner's allegation, the Petitioner has failed to establish that this error would render his conviction void, rather than voidable. Furthermore, we hold that the court below properly dismissed the petition summarily without appointing counsel. A summary dismissal is authorized when "the plaintiff would not be entitled to any relief." Tenn. Code Ann. § 29-21- 109 (2000). Although counsel should be appointed when issues presented in the petition could be the basis of *habeas corpus* relief if supporting facts were properly developed and proven, *see McLaney,* 59 S.W.3d at 94-95, that does not appear to be the Petitioner's case.

The Petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

**ALAN E. GLENN, JUDGE**