# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### PATRICK STEWART v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5967   Joe H. Walker, Judge**

---

**No. W2005-01843-CCA-R3-HC   - Filed November 17, 2005**

---

The Petitioner, Patrick Stewart, appeals the lower court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES AND J.C. MCLIN, JJ.  joined.

Patrick Stewart, pro se.

Paul G. Summers, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

On April 15, 1991, Petitioner Patrick Stewart entered guilty pleas to one count of first degree murder and one count of aggravated rape.  The trial court imposed concurrent sentences of life

imprisonment and fifteen years for the respective convictions. The Petitioner is currently confined at West Tennessee State Penitentiary in Henning, Tennessee.

On May 30, 2005, the Petitioner filed a petition for writ of habeas corpus relief in the Lauderdale County Circuit Court. As grounds for issuance of the writ, the Petitioner claimed that his sentence is void because the trial court failed to comply with the Rule 11, Tennessee Rules of Criminal Procedure. Thus, he asserts the trial court was "not in possession to accept a guilty plea from a defendant without first complying with the law himself, which removes his jurisdiction to hear the plea, and makes any subsequent sentence illegal and void." The trial court considered the petition and, by order entered June 30, 2005, denied relief. In its order denying issuance of the writ, the trial court noted that the Petitioner had failed to attach a copy of the judgment to his petition. The court further found that the Petitioner's sentences had not expired and that the "Criminal Court has jurisdiction or authority to sentence a defendant to the sentence he received." The trial court concluded that "[h]abeas corpus relief was not appropriate." The trial court further determined that, if the petition was considered as one seeking post-conviction relief, the petition was time-barred. A notice of appeal document was timely filed on July 29, 2005.

The State has filed a motion requesting that this Court affirm the lower court's denial of habeas corpus relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As basis for its motion, the State asserts that the Petitioner failed to state a colorable claim for habeas corpus relief. Additionally, the State contends that the Petitioner failed to comply with the procedural requirements for habeas corpus relief. The Petitioner has filed a response in opposition to the State's motion. In his response, the Petitioner attaches copies of his judgments of conviction.

We initially note, as properly argued by the State, that the Petitioner failed to attach copies of the judgments of conviction to his petition for habeas corpus relief filed in the trial court. *See* T.C.A. § 29-21-107(b)(2). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Archer v. State*, 851 S.W.2d 157, 165 (Tenn. 1993). An application for the issuance of the writ of habeas corpus may be summarily dismissed for the failure to attach the judgment forms. T.C.A. § 29-21-107(b)(2). The Petitioner's attempt to rectify the deficiency in his initial application comes too late.

The State is correct that summary dismissal was appropriate based solely on the Petitioner's failure to attach copies of the judgment forms. Notwithstanding this fact and the fact that the trial court mentioned this omission in its findings, the trial court dismissed the petition for failing to state a cognizable claim for habeas corpus relief. This Court, being appellate only, is bound by the decision of the habeas court. Thus, the only question currently before this Court is whether the record supports the lower court's dismissal.

In this state, habeas corpus relief only addresses detentions that result from void judgments or expired sentences. *See Archer,* 851 S.W.2d at 164. A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a

2

defendant's sentence of imprisonment or other restraint has expired." *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004) (quoting *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate relief. However, where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell,* 59 S.W.3d 90, 93 (Tenn. 2001) (citing T.C.A. § 29-21-109 (2000); *see, e.g., Archer,* 851 S.W.2d at 164 (parenthetical omitted)). In the present case, the Petitioner does not contend that his sentences have expired, thus, he is only entitled to relief if his judgments are void.

The trial court found that the petition failed to allege any ground demonstrating that the judgment was void. We agree; his claim that the trial court failed to comply with Rule 11, Tennessee Rules of Criminal Procedure is an allegation that would render a conviction voidable, not void. *Accord Archer,* 851 S.W.2d at 163. Upon our review of the record in this case, we conclude that the trial court properly determined that the Petitioner's claim is not cognizable in a habeas corpus proceeding.

Section 40-30-105, Tennessee Code Annotated, instructs trial courts to treat habeas petitions as post-conviction petitions "when the relief and procedure authorized by [the Post-Conviction Procedure Act] appear adequate and appropriate." The trial court treated the petition as both an application for habeas corpus relief and as a petition for post-conviction relief. Treating the application as one for post-conviction relief, the trial court found the application time-barred as it was filed outside the applicable statute of limitations. *See* T.C.A. § 40-30-102(a) (petition must be filed within one year of the date of the final action of highest court to which appeal taken or one year of date on which judgment became final if no appeal taken). Additionally, no ground exists as an exception to the statute of limitations. *See* T.C.A. § 40-30-102(b). Accordingly, we conclude that the trial court did not err in dismissing the petition as one seeking post-conviction relief.

We conclude that the trial court properly denied habeas corpus relief as the petition failed to allege a ground that would render the judgments void. Additionally, the trial court properly determined that the petition was time-barred if treated as a petition for post-conviction relief. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE

3