IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## RAHIM AL ZARKANI  v. DAVID G. MILLS, STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5947   Joe H. Walker, III, Judge**

_____

**No. W2005-01103-CCA-R3-HC  - Filed January 30, 2006**

_____


The Petitioner, Rahim Al Zarkani, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The State's motion is granted.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. McLIN, JJ.  joined.

Rahim Al Zarkani, pro se.

Paul G. Summers, Attorney General & Reporter; Mark A. Fulks, Assistant Attorney General, for the appellee, the State of Tennessee.


**MEMORANDUM OPINION**


On January 23, 1997, the Petitioner, Rahim Al Zarkani, entered guilty pleas to one count of attempt to commit first-degree murder and one count of second degree murder, both class A felonies. For these convictions, the Petitioner received an effective sentence of thirty years confinement.

On April 18, 2005, the Petitioner filed an application for habeas corpus relief in the Lauderdale County Circuit Court. As grounds for habeas corpus relief, the Petitioner claimed that the judgments of conviction were void because (1) the judgments of conviction failed to reflect "the amount of days he served in the county jail," (2) the judgments were not signed by the Petitioner's attorney and (3) the judgments failed to reflect either an indictment number or warrant number. By order entered April 29, 2005, the trial court denied habeas corpus relief, finding that judgment forms did reflect pretrial jail credit from "October 1, 1995 to date (January 23, 1997)." The trial court further found that the Petitioner's sentences have not expired and that the criminal court had jurisdiction to sentence the Petitioner to the sentences imposed. A timely notice of appeal document was filed on May 9, 2005. The Petitioner is currently confined at the West Tennessee State Prison in Henning, Tennessee.

The State has filed a motion requesting affirmance by this Court pursuant to Rule 20, Rules of the Court of Criminal Appeals. In support of its motion, the State asserts that the Petitioner has failed to prove the factual allegations of his petition by a preponderance of the evidence. As a preliminary matter, we note that the State's responsive brief was due on December 16, 2005. The State's motion was received by the Clerk of this Court on December 21, 2005, and the State seeks this Court's permission to late-file its Rule 20 motion. On December 28, 2005, the Petitioner filed a motion to submit the case based on the record and his initial brief. *See* Tenn. R. App. P. 29(c). Under Rule 2, Tennessee Rules of Appellate Procedure, it is within the discretion of this Court to suspend the Rules of Appellate Procedure for good cause, including the interest of expediting decision upon any matter. *See also* Tenn. R. App. P. 21(b). Having reviewed the State's motion, and finding that suspension of the Rules in this matter is appropriate, the State's motion to late file its motion for affirmance by memorandum opinion is granted. In this regard, the Petitioner's motion for submission of this matter on the record and his initial brief is denied.

It is well established that the grounds upon which habeas corpus relief may be granted in this state are narrow. *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004) (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman,* 153 S.W.3d at 20 (quoting *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell,* 59 S.W.3d 90, 93 (Tenn. 2001) (citing T.C.A. § 29-21-109 (2000); *see, e.g., Archer,* 851 S.W.2d at 164 (parenthetical omitted)). The Petitioner does not contend that his sentences have expired, thus, he is only entitled to relief if his judgments are void.

In his petition submitted to the trial court, the Petitioner alleged that the judgments of conviction are void because (1) the judgments fail to reflect pre-trial credit, (2) the judgments were not signed by his attorney, and (3) the judgments neither reflect a warrant number or indictment number. Neither the signature of a defendant's attorney nor an indictment number or warrant number are requirements for a valid judgment. *See* T.C.A. § 40-35-209(e). Additionally, while the amount of pretrial jail credit must be reflected on the judgment form, the judgment forms in this case do reflect the amount of pretrial jail credit awarded. *See* T.C.A. § 40-35-209(e)(16). For these reasons, the Petitioner has failed to prove his allegations by a preponderance of the evidence. The trial court properly dismissed the petition.

The Petitioner failed to state a ground upon which habeas corpus relief can be granted. Accordingly, the trial court properly dismissed the petition. The State's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE