# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## FREDDY LEE PARRISH, JR.  v. DAVID MILLS, STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5992   Joe H. Walker, III, Judge**

---

**No. W2005-02196-CCA-R3-HC  - Filed January 31, 2006**

---

The Petitioner, Freddy Lee Parrish, Jr., appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The State's motion is granted.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN  and J.C. MCLIN, JJ.  joined.

Freddy Lee Parrish, Jr., pro se.

Paul G. Summers, Attorney General & Reporter; Seth P. Kestner, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

It appears from the pleadings before this Court that, in 1999, the Petitioner Freddy Lee Parrish, Jr., entered guilty pleas in the Gibson County Circuit Court to two counts of aggravated burglary, one count of theft of property valued over $1,000 but less than $10,000, and one count of aggravated robbery.  For these convictions, the Petitioner received an effective sentence of fifteen years incarceration.

1

On August 16, 2005, the Petitioner filed an application for habeas corpus relief in the Lauderdale County Circuit Court. As grounds for habeas corpus relief, the Petitioner claimed that the judgments of conviction reflected that he would be eligible for parole after service of thirty percent of his sentence. He alleged that, after his incarceration, he was placed on involuntary segregation pursuant to Department of Correction policy, thereby increasing his parole eligibility indefinitely pursuant to section 40-35-501(l)(2), Tennessee Code Annotated. Petitioner asserted that operation of section 40-35-501(l)(2) invalidated the terms of his plea agreement rendering the judgments of conviction void. Additionally, Petitioner argued that section 40-35-501(l)(2) is unconstitutional. By order entered August 16, 2005, the trial court denied habeas corpus relief, finding that the Petitioner's sentence had not expired and that the trial court "had jurisdiction to sentence the defendant in the manner which the defendant was sentenced." The court further found that the court did not have jurisdiction if the petition were treated as one seeking post-conviction relief. A timely notice of appeal document was filed. The Petitioner is currently confined at the West Tennessee State Prison in Henning, Tennessee.

In this state, the grounds upon which habeas corpus petitions are granted are narrow. Habeas corpus relief only addresses detentions that result from void judgments or expired sentences. *See Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004) (quoting *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate relief. However, where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell,* 59 S.W.3d 90, 93 (Tenn. 2001) (citing T.C.A. § 29-21-109 (2000); *see, e.g., Archer,* 851 S.W.2d at 164 (parenthetical omitted)). The Petitioner does not contend that his sentences have expired, thus, he is only entitled to relief if his judgments are void.

In his petition submitted to the trial court, the Petitioner asserted three grounds for habeas corpus relief: the constitutionality of section 40-35-501(l)(2), Tennessee Code Annotated, the voluntary nature of his guilty pleas, and the breach of his plea agreement by the State. These claims do not entitle Petitioner to habeas corpus relief. First, the Petitioner's assertion that his guilty plea was unknowing and involuntary is not cognizable in a habeas corpus action because even if true the judgment would be rendered voidable, not void. *See Bryan Pearson v. State,* No. E2003-02597-CCA-R3-CD, 2004 WL 1606982, at *2 (Tenn. Crim. App., at Knoxville, Jul. 16, 2004), *perm. to appeal denied,* (Tenn. Nov. 8, 2004).

Next, the Petitioner's constitutional challenge to section 40-35-501(l)(2), Tennessee Code Annotated, fails. Petitioner asserts that his sentence is void and illegal due to operation of section

40-35-501(l)(2), which extended the release eligibility period imposed by the trial court.[1] In this respect, he contends that section 40-35-501(l)(2) unconstitutionally extends the sentence imposed by the trial court and deprives the Petitioner of his vested right to parole eligibility. In a similar argument, Petitioner claims that the State breached the plea agreement because he was not provided release eligibility at thirty percent service. The Petitioner's arguments fail. Contrary to the Petitioner's argument, there is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *State v. Sutton,* 166 S.W.3d 686, 691 (Tenn. 2005) (citing *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex,* 442 U.S. 1, 7, 99 S. Ct. 2100 (1979); *Daniels v. Traughber,* 984 S.W.2d 918, 924 (Tenn. Ct. App.1998); *see also* T. C. A. § 40-35- 503(b) (2003) (stating that "[r]elease on parole is a privilege and not a right")). Tennessee Code Annotated section 40-35-501 (2003), the statute addressing parole eligibility dates, does not provide a certainty of parole for sentences greater than two years. Rather, it simply "provides no more than a mere hope that the benefit will be obtained." *Id.* (citing *Greenholtz,* 442 U.S. at 11, 99 S. Ct. at 2100). The operation of section 40-35-501(l)(2) does not extend the original sentence imposed by the trial court. Thus, the Petitioner's challenges to the propriety of his release eligibility date have no bearing upon the validity of the convictions, and cannot be treated as a petition for writ of habeas corpus.

The Petitioner failed to state a ground upon which habeas corpus relief can be granted. Accordingly, the trial court properly dismissed the petition. The State's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE

---

[1]Tennessee Code Annotated section 40-35-501(l)(2) provides:
The department of correction shall not certify an inmate for a parole grant hearing, other than an initial grant hearing, if, at the time the department of correction would otherwise have certified the inmate as eligible, the inmate is classified as maximum custody. Such decertification shall continue for the duration of such classification, and for a period of two (2) years thereafter.
It appears that the Petitioner committed a class B disciplinary infraction on or about August 7, 2003, resulting in a classification of maximum custody.