IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## TIMOTHY EARL WATERS v. TONY PARKER, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 6184      Joseph H. Walker, Judge**

_____

**No. W2007-02739-CCA-R3-HC  - Filed May 16, 2008**

_____

The Petitioner, Timothy Earl Waters, appeals the Lauderdale County Circuit Court's denial of his petition for the writ of habeas corpus.  In 1989, Waters was convicted by a Shelby County jury of first degree murder and assault with intent to commit first degree murder.  The State has filed a motion requesting that this court affirm the lower court's ruling pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Following review, we conclude that the petition fails to allege any ground which would render the challenged judgments of conviction void.  Accordingly, dismissal of the petition is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20,**
**Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Timothy Earl Waters, _pro se_, Henning, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; and Jennifer L. Bledsoe, Assistant Attorney General, for the Appellee, State of Tennessee.


**MEMORANDUM OPINION**

The Petitioner is currently restrained of his liberty by virtue of his 1989 Shelby County jury convictions for the crimes of first degree murder and assault with intent to commit first degree murder.  _State v. Timothy Earl Waters_, C.C.A. No. 107 (Tenn. Crim. App. at Jackson, July 18, 1990).  As a result of these convictions, the Petitioner received two sentences of life imprisonment, which were ordered to be served consecutively.  _Id_.  The Petitioner's convictions have been the subject of previous collateral attacks, all of which have been unsuccessful.  _Timothy Earl Waters v. State_, No. W2003-02460-CCA-R3-CO (Tenn. Crim. App. at Jackson, May 10, 2004); _Timothy Earl Waters v. Bruce Westbrooks, Warden_, No. W2002-02893-CCA-R3-CO (Tenn. Crim. App. at Jackson, Apr. 8, 2003); _Timothy Earl Waters v. State_, No. 02C01-9604-CR-00113 (Tenn. Crim. App. at Jackson, Dec. 13, 1996).

On November 2, 2007, the Petitioner filed a petition for habeas corpus relief alleging that his sentences were imposed in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). Specifically, the petition challenges:

> Whether the Sixth Amendment protections which guarantees [sic] [P]etitioner's right to trial by jury was violated by use of enhancements not admitted by the Petitioner, nor reflected in the jury verdict?[1]

> Whether the application of *Gray vs. State* and Tennessee Code Annotated § 40-20-111 is unconstitutional when utilized as an additional fact relative to consecutive sentencing when extended to the "Class X Felonies Act of 1979 " under the panoply of the Sixth Amendment[?]

The State has filed a motion requesting that this court affirm the lower court's denial of habeas corpus relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As grounds for its motion, the State contends that the holding of *Blakely v. Washington* does not apply retroactively. We agree.

In this state, habeas corpus relief only addresses detentions that result from void judgments or expired sentences. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004) (quoting *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate relief. However, where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell,* 59 S.W.3d 90, 93 (Tenn. 2001) (citing T.C.A. § 29-21-109 (2000); *see, e.g., Archer,* 851 S.W.2d at 164). The Petitioner does not contend that his sentences have expired, thus, he is only entitled to relief if his judgments are void.

This court has repeatedly held that *Blakely v. Washington* did not create a new rule of law which was entitled to retroactive application when raised within the context of a habeas corpus proceeding.[2] *See, e.g., Michael L. McKillip v. Jim Morrow*, *Warden*, No. E2007-01225-CCA-R3-HC (Tenn. Crim. App., Dec. 21, 2007) (no perm. to app. filed); *Timothy R. Bowles v. Ricky J. Bell, Warden*, No. M2006-01685-CCA-R3-HC (Tenn. Crim. App. at Nashville, May 1, 2007) (no perm.

---

[1] The Petitioner's argument that his sentence of life imprisonment for his conviction of first degree murder was "violated by use of enhancements . . . [not] reflected in the jury verdict" is clearly unfounded, as it was the jury who fixed the Petitioner's sentence at life imprisonment.

[2] We would acknowledge that a *Blakely* claim is cognizable when raised in a timely post-conviction proceeding.

to app. filed). Moreover, this court has specifically held that *Blakely* has no application to consecutive sentences. *See, e.g., State v. John Britt*, No. W2006-01210-CCA-R3-CD (Tenn. Crim. App. at Jackson, Dec. 12, 2007); *State v. Joseph Wayne Higgins*, No. E2006-01552-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Sept. 27, 2007).

Because the petition in this case fails to state a cognizable claim, no relief is warranted. The Appellant has alleged neither a facially invalid judgment nor an expired sentence. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE