# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STEVE E. HOUSTON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Wayne County**
**No. 13784     Robert Holloway, Judge**

---

**No. M2005-01943-CCA-R3-HC - Filed February 6, 2006**

---

The Petitioner, Steve E. Houston, appeals from the dismissal of his petition for the writ of habeas corpus. The State has filed a motion requesting that the Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the appeal is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Steve E. Houston, pro se, Clifton, Tennessee.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner was convicted of two counts of casual exchange of cocaine, a Class A misdemeanor, and two counts of sale of cocaine, a Class C felony. The trial court sentenced the Petitioner to two consecutive fifteen-year sentences for the felony offenses and to two concurrent sentences of eleven months and twenty nine days for the misdemeanor convictions. It ordered that the misdemeanor sentences run concurrently with the fifteen-year felony sentences, and it ordered that the felony sentences run consecutively to an outstanding thirteen-year sentence resulting from prior convictions. See State v. Steve Edward Houston, No. 01C01-9711-CC-00510, 1998 WL 749414 (Tenn. Crim. App., at Nashville, Oct. 28, 1998), *no perm. app. filed.* This Court affirmed the Petitioner's convictions and sentences on appeal. Id. at *1. The Petitioner filed a petition for post-conviction relief, which the post-conviction court denied. Steve Edward Houston v. State, No. M2000-01087-CCA-R3-PC, 2001 WL 1028825 (Tenn. Crim. App., at Nashville, Sept. 7, 2001),

*Tenn. R. App. P. 11 application denied* (Tenn. Feb. 19, 2002). This Court affirmed the post-conviction court's judgment. Id. at *1.

On May 31, 2005, the Petition filed a petition for habeas corpus relief in which he alleged that his sentences are void because the trial court gave erroneous jury instructions. As an exhibit to that petition, he attached a previous petition for habeas corpus relief, but that petition does not have a stamp showing that it was filed. On July 14, 2005, the habeas corpus court dismissed the petition finding that it did not meet formal requirements of a habeas petition and that it did not appear on the face of the judgment that the trial court was without jurisdiction to sentence the Petitioner or that the Petitioner's sentence had expired.

The grounds upon which a writ of habeas corpus may be issued are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. See Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

The Petitioner has failed to set forth any allegations that would indicate that the trial court lacked jurisdiction to convict or sentence him or that he is unlawfully "restrained" for a sentence that has expired. The Petitioner alleges that the trial court improperly instructed the jury, which, even if true, would render his conviction voidable and not void. See Miquon Leach v. State, no. W2004-02336-CCA-R3-HC, 2005 WL 1249032 (Tenn. Crim. App., at Jackson, May 25, 2005), *no perm. app. requested* (citing Passarella, 891 S.W.2d at 627). There is no evidence in the record before us indicating that the Petitioner's convictions are void or that his sentences have expired.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE