# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## FERNANDEZ D. DAVENPORT v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Wayne County
### No. 14913

### No. M2010-02058-CCA-R3-HC - Filed November 16, 2011

The Appellant, Fernandez D. Davenport, appeals the trial court's dismissal of his petition for habeas corpus relief. The Appellant fails to assert a cognizable claim for which habeas corpus relief may be granted. Accordingly, the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JEFFREY S. BIVINS, JJ. joined.

Fernandez D. Davenport, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Lindsy Paduch Stempel, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On December 14, 2004, the Appellant was convicted of second degree murder and sentenced to sixty years imprisonment. The Appellant subsequently filed a habeas corpus petition challenging the validity of his sentence. The trial court dismissed the petition without a hearing. The Appellant appealed, and the State filed the instant motion to affirm pursuant to Court of Criminal Appeals Rule 20. For the reasons stated below, the State's motion is hereby granted.

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief, and Tennessee Code Annotated Sections 29-21-101 *et seq.* codify the applicable procedure for seeking such a writ. The grounds upon which our law provides relief, however, are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record of the proceedings that the trial court was without jurisdiction to convict or sentence

the defendant or that the sentence of imprisonment has otherwise expired.  Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).  In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable.  Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).  "[W]here the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing." McLaney, 59 S.W.3d at 93.

In Cunningham v. California, 549 U.S.270 (2007) the United States Supreme Court, relying upon the principles discussed in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), reaffirmed the rule, "rooted in longstanding common-law practice," that the Sixth Amendment prohibits a state's sentencing scheme from allowing a judge to enhance a sentence based on a fact, other than a prior conviction, not found by a jury or otherwise admitted by the defendant.  The gist of the Appellant's claim for habeas corpus relief in this case is that his sentence runs afoul of this principle as explained by our supreme court in State v. Gomez, 239 S.W.3d 733 (Tenn. 2007).  Although the court concluded in Gomez that the trial court's enhancement of the defendants' sentences on the basis of judicially determined facts violated their Sixth Amendment rights, the issue was considered through a plain error analysis on the direct appeal of the defendants' convictions.

This Court, however, has stated that Blakely -type claims garner no relief retroactively through attacks on collateral review.  See Donald Branch v. State, No. W2003-03042-CCA-R3-PC, 2004 WL 2996894 (Tenn. Crim. App., Dec. 21, 2004), perm. to app. denied, (Tenn., May 23, 2005).  Similarly, the holding in Cunningham does not require retroactive application.  See Billy Merle Meeks v. State, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486 (Tenn. Crim. App., Nov. 13, 2007), perm. to app. denied, (Tenn., Apr. 7, 2008). Moreover, as this Court held in Meeks, "even if Apprendi, Blakely, and Cunningham could be applied retroactively, it would render the judgment merely voidable, and not void, and therefore Petitioner's claims are not cognizable in a Tennessee state habeas corpus proceeding." Id.

The Appellant's sentence has not expired and there is nothing in the record to suggest that the trial court lacked jurisdiction to sentence the Appellant.  The trial court, therefore, did not err in dismissing the Appellant's habeas corpus petition.  The judgment of the trial court is affirmed in accordance with Rule 20.

_____

THOMAS T. WOODALL, JUDGE

2